Powers v. Commonwealth.

---

CASE 27—INDICTMENT—APRIL 19.

## Powers v. Commonwealth.

APPEAL FROM ROWAN CIRCUIT COURT.

1. INDICTMENT—PLEADING OF STATUTE—PRIVATE STATUTES.—A statute prohibiting the sale of liquor in a particular county is not a private statute, but a public statute of local application, and an indictment for the violation of such a statute need not specially plead the statute.

2. SAME.—An indictment for the violation of a penal statute need not indicate the statute upon which it is founded.

3. LEGISLATURE MAY PROHIBIT GIVING OF LIQUOR.—The Legislature, in the exercise of the police power, may forbid not only the selling but the giving of any article calculated to injure the public health or its peace or morals, and, therefore, may forbid the giving of liquor.

4. AS TO WHO IS AN "INVITED GUEST" WITHIN MEANING OF PROHIBITORY LIQUOR LAW.—Where a prohibitory liquor law excepts from its provisions persons who give liquor to "their invited guests at their own household," one whom another has invited to his house for

the purpose of giving him a drink is to be regarded as an "invited guest" within the meaning of the statute.

WOOD & DAY for appellant.

1. The indictment, which is drawn under a special statute, is defective, because the statute is not specially pleaded.
2. The statute under which defendant was indicted is unconstitutional in so far as it attempts to deprive the citizen of the right to give away his own property.
3. The persons to whom defendant gave the liquor were his "invited guests," and he is, therefore, not liable under the statute.

P. W. HARDIN, Attorney-General, for appellee.

1. The parties to whom the whiskey was given do not come within the exceptions of the statute, especially Day, who was a hired laborer, and at work for appellant.
2. The statute is not unconstitutional. The Legislature may, for the public protection, prohibit the giving as well as the selling of liquor.

JUDGE HOLT delivered the opinion of the court.

The act of the Legislature of March 14, 1888, provides: "It shall be unlawful for any person or persons to sell, barter, give, loan or traffic in spirituous, vinous or malt liquors, in any quantity whatever, within the county of Rowan. * * * This act shall not apply to the procuring or use of wine for sacramental purposes, or to a regular resident practicing physician, who, in good faith, prescribes the same as a medicine to his patient or patients. Nor shall this act or its provisions apply to those who give or furnish spirituous, vinous or malt liquors to a member or members of their own family, *or their invited guest at their own household*."

The appellant complains of a conviction under this law upon three grounds. It is urged, first, that the indictment is under a special statute, and is, therefore, defective in not specially pleading it. It is not,

however, a private statute, but a public one of local application.

Wharton says, in volume 1, section 366 of his work upon Criminal Law, in speaking of indictments under penal statutes: "It is not necessary, however, in such an indictment to indicate the particular section, or even the particular statute, upon which it is founded. It is only necessary to set out in the indictment such facts as bring the case within the provisions of some statute which was in force when the act was done, and also when the indictment was found."

He next contends that the statute is unconstitutional, in so far as it deprives a person of the right to give liquor to another, because by doing so it denies him the use of his property. If the sale may be forbidden, equally so may the gift of it. The law has the public welfare in view, and one may be as injurious to the public as the other. It has long been the recognized and unquestioned law of this State that one can not give liquor to a minor. The Legislature may, looking to the public health, or its peace or morals, and in the exercise of the police power, forbid not only the sale, but the gift, of any article calculated to injure these public interests. The citizen acquires his property subject to this right upon the part of the law-making power. The individual right is thus qualified to secure the protection of the public. It is upon this ground that the Supreme Court of the United States hold, in Mugler v. Kansas, 123 U. S., 623, and other cases, that State legislation may constitutionally forbid the manufacture or sale of liquor for general use as a beverage within the State,

and because such legislation is calculated to protect the public against the recognized evils resulting from the excessive use of ardent spirits. It is the use of the article which is injurious, and it is, of course, equally so, whether it be by sale or gift. The evidence in this case shows, however, that the appellant was not trafficking in liquor. He was not selling it, or giving it away generally, or to any one, save at his own home. There is no conflict in the testimony. It appears that upon three or four occasions he invited a gentleman into his dwelling-house, and there, upon each occasion, invited him to take a drink of liquor with him, and they did so. Another acquaintance of the appellant had been absent from the locality for some time, and upon his return they met in the street near the appellant's house, and the latter invited him into his house, and when there invited him to take a drink with him. Subsequently this same party was doing some work for the appellant, and while so engaged the latter, upon a few occasions, invited him, when in his house, to take a drink with him, and occasionally the party suggested it himself.

This was all the evidence in the case. All of the drinking was done in the family room of the dwelling-house of the appellant, and when the parties were there by his invitation. The statute was not intended to embrace such a case. In fact, the exceptions in the statute embrace this case. The two parties to whom the liquor was given by the appellant should be regarded as the guests of his household. They were there by his invitation; they were, at the time, being entertained by him as his friends and guests,

and the giving of liquor in such social intercourse by one at his own house was not intended to be interdicted by the statute.

The peremptory instruction asked by the appellant, directing the jury to find in his favor, should, therefore, have been given; and the judgment is reversed, with directions to award the appellant a new trial, and for further proceedings consistent with this opinion.