CASE 73.—INDICTMENT AGAINST MOSES KAUFMAN FOR VIOLATING THE ELECTION LAWS, AS CLERK OF A PRIMARY ELECTION.—October 10.

## Commonwealth v. Kaufman

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

From a judgment sustaining a demurrer to the indictment the Commonwealth appeals—Reversed.

1. Elections—Primary Elections—Officers—Offenses—Indictment. Under Cr. Code Prac., section 122, subsection 2, providing that an indictment containing a statement of the act constituting the offense in ordinary and concise language shall be sufficient, an indictment alleging that accused, as judge of election at a primary election, performed his duties in such a way as to hinder the objects of the election by marking the ballots of electors, though none of them were blind nor physically disabled, states an offense denounced by Ky. Stats., 1903, sec. 1577, punishing any officer who shall perform his duty in such

Commonwealth v. Kaufman.

a way as to hinder the objects of the law, since section 1475 only authorizes an election officer to mark the ballot of an elector who is illiterate or blind or physically disabled.

2. Same—Statutes—Construction.—Ky. Stats., section 1552, providing that an act denounced an offense by the law concerning elections shall be an offense in primary elections, and section 1563, declaring that the officers of primary elections shall be subject to the same limitations as officers of regular elections, and any act denounced by the general laws as an offense in case of officers of regular elections shall be an offense in case of officers of primary elections, extend section 1577, punishing election officers who shall perform their duty in such a way as to hinder the objects of the law, to officers of primary elections.

3. Same.—A primary election officer, who, in such a way as to hinder the object of the law, marked the ballots of electors who were not blind nor physically disabled, violated Ky. Stats. 1903, section 1577, punishing election officers who shall perform their duties in such a way as to hinder the objects of the law.

4. Same—Offenses—Proof.—To convict an election officer of a violation of Ky. Stats. 1903, section 1577, punishing an election officer who shall willfully perform his duty in such a way as to hinder the objects of the law, it must appear not only that he willfully committed the acts charged, but that they were committed with the intent to hinder the objects of the election law, and that they did so hinder, or were reasonably calculated so to do.

5. Same—Marking Ballots—Statutes.—The duty of marking the ballots of illiterate, blind, and physically disabled electors must, under the express provisions of Ky. Stats. 1903, section 1475, be performed by the clerk of the election, though an accidental performance of such duty by a judge or sheriff of election does not amount to a violation of section 1577, punishing election officers who shall perform their duties in such a way as to hinder the objects of the election laws.

6. Same—Indictment—Sufficiency.—An indictment charging a primary election officer with performing his duties in such a way as to hinder the objects of the election law, in violation of Ky. Stats. 1903, section 1577, which alleges that on a designated date the regularly constituted governing authority of a political party of the state held a primary election in the state; that for at least 40 days prior to such election the committee gave public notice thereof, etc.; that on such day

vol. 126—40

accused was acting as a judge of election in an election pre-cinct, etc.—sufficiently alleges the holding of a primary election as authorized by law.

N. B. HAYS, Attorney General, and C. H. Morris, attorneys for appellant.

By section 1475 of Kentucky Statutes, it is provided how illiterate, blind and disabled persons may have their ballots marked by the clerk of the election; but in each instance, each party is required under the law to declare on oath before the clerk of the election that he is illiterate, blind or unable to mark his ballot. This duty, under the law, is imposed on the clerk and not on the judge, and for the judge or the clerk to mark this ballot without the elector first declaring on oath as required under the statute, is willfully discharging the duties of an election officer in such a way or manner as to defeat the purpose and intention of the law. This provision of the statute is intended to prevent corrupt election officers or others desiring to defeat the will of the voter by bribery, intimidation or coercion. It opens a flood gate to all the evils and frauds from which the secret ballot system was intended to protect the voter and public. It is the source of fraud and corruption by which it seeks to overthrow the will of the people by bribery, fraud and coercion; and if election corruptionists are permitted to mark the ballots of the floaters and the weak and debauched, without such elector declaring on oath that he is under disability mentioned in the law, then the secret ballot system has no longer a place on the statute book.

MORTON, WEBB & WILSON for appellee.

PROPOSITIONS AND LIST OF AUTHORITIES.

1. This indictment is under section 1577, and there is no offense committed under this section unless it is a violation of a duty imposed upon an officer, and not upon an individual. Ky. Stats., section 1577.

2. An indictment must allege the specific duty which was imposed upon an officer, or else it is defective. U. S. v. Kelsey, 42 Fed, Rep., p. 884; U. S. v. Cook, 17 Wallace, 174; U. S. v. Cook, 92 U. S., 558.

3. An allegation that an election was held "by the regular organized and constituted committee and governing authority of the Democratic party," is a conclusion of law, and not a state-

ment of fact, as required in an indictment.  Commonwealth v. Maddock, 17 Ky. Law Rep., 558.

4. Requisites of notice for primary election.  Ky. Stats., section 1553.

5. The exception that the voters were not unable to mark their ballots by reason of inability to read the English language, must be negatived.  Ky. Stats., section 1475.

OPINION OF THE COURT BY JUDGE SETTLE— Reversing.

On February 5, 1907, the appellee, Moses Kaufman, was indicted in the Fayette circuit court for unlawfully and wilfully performing the duties of an election officer at the Democratic state primary election held on the 6th day of November, 1906, in such way as to hinder the objects thereof.  The indictment is as follows: "The grand jury of Fayette county, in the name and by the authority of the Commonwealth of Kentucky, accuse Moses Kaufman of the offense of unlawfully and wilfully performing the duties of an election officer in such a way as to hinder the objects of the election law as follows, to-wit: That on the 6th day of November, 1906, the regularly organized and constituted committee and governing authority of the Democratic party of the State of Kentucky held a primary election, in the State of Kentucky, county of Fayette, and city of Lexington, at which election candidates for United States Senator from Kentucky, and for all the State offices of the State of Kentucky, were voted for; that for at least forty days prior to such primary election the committee and governing authority of said party did give public notice of said election by posting such notice on the courthouse door in the city of Lexington, county of Fayette, and in at least twenty other public places in the said county; that on said day that said Moses Kaufman

was then and there acting as a judge of election in the Merino Street precinct in said city of Lexington and county of .Fayette, which was a regular election precinct in said city of Lexington and county of Fayette; that said Kaufman had prior to the said election, been regularly and duly appointed as an officer of said election and judge of said election at said precinct by the regularly organized and constituted committee and governing authority of the Democratic party of Kentucky, and the said Moses Kaufman did then and there unlawfully and wilfully perform his duty as judge of election in such a way as to hinder the objects of the election law, by marking and stamping the ballots of divers electors at said election in said precinct, whose names are unknown to the grand jury, in the presence of the voters and of the other election officers at said precinct; and none of the said electors was then and there blind, and did not so declare on oath, and none of said electors was so physically disabled as to be unable to mark his ballot, and did not so declare on oath—against the peace and dignity of the Commonwealth of Kentucky.'' Appellee filed a demurrer to the indictment, which was sustained in the court below. This appeal, prosecuted by the Commonwealth, presents for our decision the sole question whether or not the indictment sufficiently charges a public offense.

It appears from the language of the indictment that the acts of appellee, constituting the offense charged, are alleged to have been committed by him while acting by legal appointment as judge of election in the Merino Street precinct of the city of Lexington, at a State primary election legally called by the governing committee of the Democratic party and held November 6, 1906, throughout the State of Kentucky, in-

cluding Fayette county, for the purpose of nominating a Democratic candidate for United States Senator and for each of the several State offices, and that he (appellee) "did then and there unlawfully and wilfully perform his duty as judge of election in such a way as to hinder the objects of the election law by marking and stamping the ballots of divers electors applying to vote at said election in said precinct, whose names are unknown to the grand jury, in the presence of the voters and the other election officers at said precinct; and none of the said electors was then and there blind and did not so declare on oath, and none of said electors was so physically disabled as to be unable to mark his ballot and did not so declare on oath. * * *"

The offense laid at appellee's door is one denounced by the election law and defined by section 1577, Ky. St. 1903, as follows: "Any public officer upon whom a duty is imposed under this chapter, and no penalty provided for the violation thereof, who shall wilfully neglect to perform such duty, or who shall wilfully perform it in such a way as to hinder the objects of this law, shall be punished by a fine of fifty dollars and imprisonment in the county jail for two months." Section 1475, Ky. St. 1903, provides: "Any elector who declares on oath, that, by reason of inability to read the English language, he is unable to mark his ballot, may declare his choice of candidates or party ticket to the clerk, who, in the presence of the judges, sheriff and challengers and the elector, shall, with his pencil, mark a dot in the appropriate place for the cross mark, to indicate the choice of the elector. The clerk shall then fold and deliver the ballot to the elector, and instruct him to retire to the booth and there mark his ballot by marking a cross mark either in the squares showing dots or any other squares he

may desire.   In all other respects he shall vote as
is required of other electors.   In case any person
applying to vote is blind, and shall so declare on oath,
the clerk shall be allowed to mark his ballot for him
in the presence of the other officers of election, and
the challengers allowed by law; or in case any person
shall be so physically disabled as to be unable to mark
his ballot, and shall so declare on oath, the clerk shall
have the right to mark his ballot as in the case of a
blind person applying to vote.   Any one making a
false declaration under this provision of this section,
shall, upon conviction, be fined in any sum not exceed-
ing fifty dollars, and be disfranchised for a period
of two years; and any clerk who shall wilfully deceive
any elector in marking any ballot, or wilfully mark
the same in any other way than as requested by said
elector, shall be guilty of felony, and, upon conviction,
shall be imprisoned in the penitentiary for not less
than two nor more than five years.''

Three classes of electors, which the secret ballot
system would otherwise exclude from voting, are
protected in the right of suffrage by this section, viz.,
the illiterate, the blind, and those so physically dis-
abled as to be prevented thereby from marking their
ballots.   For these the clerk may act under certain
conditions; that is, he may, in the presence of the
judges, sheriff, challengers, and the illiterate elector
himself, indicate to the latter with a pencil dot where
to mark his ballot so as to express his declared choice
of candidates, provided that the elector first makes
oath that by reason of his inability to read the Eng-
lish language he is unable to mark his ballot without
the clerk's assistance.   But, after being thus in-
structed by the clerk, he must, upon receiving from
that officer the ballot properly folded, retire within

the booth and mark it himself. If the elector be blind, or so physically incapacitated as to be unable to mark his ballot, the clerk, in the presence of the other officers of election named, challengers, and the elector, shall actually mark the ballot for the elector so as to express his avowed choice, after the latter shall have first declared upon oath his blindness or physical disability incapacitating him from marking his ballot. In setting forth the offense the indictment substantially follows the language of the statute, and the particular acts constituting the offense are alleged in such terms as bring the case within the provision of the statute. Powers v. Com., 90 Ky. 167, 11 Ky. Law Rep. 964, 13 S. W. 450; Higgins v. Com., 94 Ky. 54, 14 Ky. Law Rep. 729, 21 S. W. 231.

The indictment is sufficient, as it contains "A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended; and with such degree of certainty as to enable the court to pronounce judgment on conviction according to the right of the case." Cr. Code Prac. section 122, subsection, 2. Elections are under the control of the officers appointed to hold them, and this is especially true of the judges of election, who not only pass upon the qualifications of the electors, but are, in addition, with the other officers of the election, required to see that they vote in the prescribed manner, and that their ballots are deposited, counted, and the result certified and returned in conformity to law. Section 1552, Ky. St. 1903, provides: "Any act denounced an offense by the general laws of the State concerning elections, shall also be an offense in all primary elections and punished in the same form and manner as is provided for the punishment of

similar offenses by the general laws; and all the penalties and provisions of the general law shall apply in such cases with equal force and shall be as effective as though fully set out in this article.'' Again, as if to leave no doubt of the intention of the legislature to extend the provisions of the section, supra, to include officers of a primary election, these further provisions were inserted in section 1563 of the same statute, viz.: ''The officers of all primary elections, held under the provisions hereof, shall have the same powers and privileges as officers of regular elections, and shall be subject to the same restrictions, limitations, and conditions. Any act or deed denounced by general laws as an offense in the case of officers of regular State elections is hereby declared to be an offense in the case of officers of such primary elections, and shall be punished in the same form and manner as is prescribed by general law.'' If, in the exercise of his powers as an election officer, appellee, unlawfully, wilfully, and in such way as to hinder the objects of the election law, marked or stamped the ballots of ''divers electors,'' who were not blind, and had not so declared on oath, or were not so physically disabled as to be unable to mark their own ballots, and had not declared such disability on oath, his acts amounted to a violation of the election law as charged in the indictment.

But while, as already indicated, we think the indictment good, we are further of opinion that, in order to convict appellee under the indictment of the offense charged, it must be made to appear from the evidence, beyond a reasonable doubt, not only that he unlawfully and wilfully committed the acts therein charged, but that they were committed with the intent on his part to hinder the objects of the election law, and either that

Commonwealth v. Kaufman.

they did so hinder them, or were reasonably calculated
to result in such hindrance; for the language of sec-
tion 1577, under which this indictment was found, is
that to constitute the offense therein named the elec-
tion officer must wilfully perform his duty "in such
a way as to hinder the objects of this law." The
statute (section 1475) in terms declares that the
duties to be performed in assisting the illiterate,
blind, and physically disabled elector to vote shall be
discharged by the clerk of the election alone.
Manifestly the performance of these duties should
always be confided to the clerk by the other
election officers, but we are not disposed to hold that
an occasional or accidental performance of them by
a judge or sheriff of election, through inadvertence
or mistake, would make the latter an offender against
the election law in the meaning of section 1577. The
requirements of the election law should be fairly and
fully complied with by those intrusted with the duty
of conducting elections, and punishment surely and
swiftly visited upon all, whether officers of election or
individual electors, who wantonly and corruptly, by
whatsoever means, prevent fair and free elections in
the State; but it is not every failure on the part of
election officers to comply with the requirements of
the law in respect to elections that will justify the
infliction of punishment. A mere failure of duty
resulting from ignorance on the part of election
officers might, and sometimes does, amount to such
disregard of the essential requirements of the election
law as to affect the validity of the returns and certifi-
cates made by them, and render the same so unre-
liable as to destroy their value, yet it would hardly
be claimed that the election officers should be crim-
inally proceeded against in every such case for the

dereliction of duty. The wilful violator of the election law stands, however, upon a different footing. His wrongdoing, if shown according to the rules of evidence applicable to the criminal law, merits punishment, and should receive it.

Whether appellee belongs to the latter class must be determined by trial in the circuit court. With the question of his guilt or innocence this court, upon this appeal, has nothing to do. Our duty ends with the decision of the question raised by the demurrer to the indictment. We have considered, without indicating or discussing them in detail, the several objections urged by counsel for appellee to the indictment. In our opinion the allegations of the indictment as to the calling and holding of the primary election, and the appointment of appellee as a judge thereof, are not mere conclusions, as claimed by counsel, for they aptly state the facts according to the Criminal Code of Practice and sufficiently show that the primary election was called by the regularly organized, constituted, and governing committee of the Democratic party of the State; that 40 days' notice of the time and purpose of holding it was posted on the courthouse door and 20 other public places in Fayette county, as required by statute; and that appellee's appointment as judge of election was lawfully made by the governing committee of the party. The case of Commonwealth v. Maddox, 32 S. W. 129, 17 Ky. Law Rep. 577, cited by appellee, cannot, for the reasons hereinafter expressed, be accepted as controlling authority in this case. The quotations from the indictment appearing in the opinion of that case fail to show that the primary election was called by a committee at all. Only the words "duly and regularly acting governing authority" of Trimble

county were used in the indictment. Whether the primary was called by a committee, a minority of the committee, or only the county chairman, does not appear. The same omission appears in the allegations of the indictment as to Maddox's appointment as election officer, and it wholly failed to allege that the statutory notice was given previous to the holding of the primary. It is patent therefore that the indictment in the Maddox Case is unlike the one in the case at bar. Be this as it may, it is further manifest that in the decision of that case the court overlooked section 131 of the Criminal Code, which provides: "In pleading a judgment or other determination of, or proceeding before, a court or officer of special jurisdiction, it is not necessary to state the facts constituting jurisdiction; but the judgment or determination may be stated as given or made, or the proceedings had. The facts constituting jurisdiction must, however, be established on the trial." The Supreme Court and other federal court cases cited by counsel for appellee as furnishing the standard by which the indictment under consideration should be tested cannot be accepted in this State as authority on mere questions of pleading and practice, when they conflict, as in this case, with our Code and the decisions of this court.

For the reasons indicated the judgment is reversed, and cause remanded, with directions to the lower court to overrule the demurrer, and for further proceedings consistent with the opinion.