## PEOPLE v. MURN.

1. INDICTMENT AND INFORMATION—AMENDMENT OF UNNECESSARY AVERMENT NOT ERROR—INTOXICATING LIQUOR—CRIMINAL LAW. In a prosecution for selling liquor in violation of the prohibition law, where the information set forth specifically the alleged act of defendant constituting the offense and charged that such act was contrary to the form of the statute in such case made and provided, permission to

On criminal responsibility of husband for violation of liquor law by wife, see note in 19 A. L. R. 136.

amend the reference to the statute by adding the words "as amended" was not error, since it related to an unnecessary averment in the information.

2. SAME—SPECIFIC REFERENCE TO STATUTE VIOLATED UNNECESSARY. An information charging an offense created by a general statute need not state specifically, by particular reference thereto, the statute violated by the act alleged to be a crime; it being sufficient to set forth such facts as bring the case within the provisions of some statute in force when the act was done.

3. INTOXICATING LIQUOR — CRIMINAL LAW — ENTRAPMENT NO DEFENSE WHERE ACT CHARGED DENIED. Where defendant claimed he made no sale of liquor and did not know of any sale by his wife until after the fact, he is in no position to urge that the act complained of was induced by entrapment of the officers, and if it be found that he made the sale he may not urge the defense of entrapment in exculpation of his act.

4. SAME—INTENT. No intent is involved in the crime of selling whisky in violation of the prohibition law.

5. SAME—SALE BY WIFE IN DEFENDANT'S ABSENCE—QUESTION FOR JURY. Testimony by defendant and his wife that he was at work in a field at the time the sale was made by the wife, and that he knew nothing about it until afterwards, raised a question of fact for the jury, and the trial court was in error in directing them to find defendant guilty.

6. CRIMINAL LAW—HUSBAND NOT GUILTY OF WIFE'S OFFENSE IN HIS ABSENCE IF HE HAS NO GUILTY KNOWLEDGE. Although a husband may be convicted of a crime not *malum in se*, committed by his wife in his presence and with guilty knowledge of her criminal acts carried on in the home, he is not guilty if he has no knowledge that she is committing a crime and is not present at its commission and has not encouraged her to commit the same.

7. INTOXICATING LIQUOR — CRIMINAL LAW — SALE BY WIFE—USE OF MONEY BY HUSBAND WOULD NOT RENDER HIM GUILTY. If defendant husband had no guilty knowledge of the sale of whisky by his wife in his absence, he is not guilty of such selling, and the use of the money thereafter, with knowledge that it was procured by the wife for whisky

sold by her, could in no way relate back to the sale and make him guilty of the selling.

Exceptions before judgment from Oceana; Vanderwerp (John), J. Submitted October 12, 1922. (Docket No. 144.) Decided December 5, 1922.

Martin Murn was convicted of violating the liquor law. Reversed.

*F. E. Wetmore,* for appellant.

*Merlin Wiley,* Attorney General, and *Earl C. Pugsley,* Prosecuting Attorney, for the people.

WIEST, J. By direction of the court the jury found defendant guilty of selling a quart of whisky. The case is here on exceptions before sentence. The information charged the sale to have been made September 21, 1921, contrary to the provisions of Act No. 338, Pub. Acts 1917. Before the swearing of the jury, the prosecuting attorney asked for and obtained leave to amend the reference to the statute by adding the words "as amended," it appearing that the statute was amended in 1919.

Counsel for defendant insists there was error in permitting the amendment. There was no error in permitting the amendment as it related to an unnecessary averment in the information. The information set forth specifically the alleged act of defendant constituting the offense, and concluded with the charge that such act was contrary to the form of the statute in such case made and provided, etc. The reference to the act of 1917 constituted no essential part of the information, and was mere surplusage.

"An indictment for an offense created by a general statute need not state specifically, by particular reference thereto, the statute violated by the acts alleged to be a crime." 22 Cyc. p. 334.

In Wharton's Cr. Pl. & Pr. (9th Ed.) § 226, it is stated:

"It is not necessary to indicate the particular section or even the particular statute, upon which the case rests. It is only necessary to set out in the indictment such facts as bring the case within the provisions of some statute which was in force when the act was done, and also when the indictment was found."

The permitted amendment brought no new charge against defendant. There is no merit in the point. *Powers* v. *Commonwealth*, 90 Ky. 167 (13 S. W. 450); *Commonwealth* v. *Donovan*, 170 Mass. 228 (49 N. E. 104); *State* v. *Allen*, 32 Iowa, 248; *Vedin* v. *United States*, 257 Fed. 550; *Wessels* v. *United States*, 262 Fed. 389; *United States* v. *Ford*, 263 Fed. 449; *People* v. *Mason*, 186 N. Y. Supp. 215.

Defendant is in no position to urge that the act complained of was induced by entrapment of the officers, for he claims he made no sale and did not know of any sale by his wife until after the fact. If it be found that he made the sale he cannot urge the defense of entrapment in exculpation of his act. No intent is involved in the crime charged. A sale of intoxicating liquor, by one prohibited from selling, constitutes a violation of the statute, no matter what the circumstances are. The point is ruled against defendant's contention in *People* v. *Plummer*, 189 Mich. 415.

The court was in error in directing the jury to find defendant guilty. Under the testimony of defendant and his wife there was a question of fact for the jury. Defendant testified he was at work in a field and knew nothing about the sale made by his wife until after the officers left, and in this he was supported by the testimony of his wife. The learned circuit judge was of the opinion that, because defendant had a quart of whisky in his house, he was guilty of the sale by his

wife, even though he was not present and knew nothing about it.

In directing the jury to find defendant guilty the court stated:

"He (defendant) knew this liquor was in his house. He was the head of the house; it was his liquor and his wife was in charge of it in his absence, and if she sold it in his absence it would be as much of a sale by him as if he had sold it himself."

The prosecuting attorney seeks to justify this instruction under the authority of *People* v. *Sybisloo*, 216 Mich. 1, and *People* v. *Liebiotka*, 216 Mich. 316. These cases do not justify the instruction given.

As we pointed out in the *Sybisloo Case*, a husband may be convicted of a crime, not *malum in se*, committed by his wife in his presence and with guilty knowledge of her criminal acts carried on in the home, but we have not held that a husband, who has no knowledge that his wife is committing a crime and is not present at its commission and has not encouraged her to commit the same, is to be held guilty. If defendant's wife, during his absence and without any previous understanding with him, sold the whisky, he is not guilty of such selling and the use of the money thereafter, with knowledge that it was procured by the wife for whisky sold by her, could in no way relate back to the sale and make him guilty of the selling. Defendant was not charged with having liquor in his possession but was charged with making a sale and his possession thereof could not be used to eke out the crime of selling liquor.

The conviction is set aside and a new trial granted.

FELLOWS, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.