(No. 35752)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIE AUSTIN, Plaintiff in Error.

*Opinion filed September 22, 1961.*

WILLIAM J. BRADLEY, of Chicago, (TUOHY & BRADLEY, and ROBERT W. DALEY, both of Chicago, of counsel,) for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER, and MARVIN E. ASPEN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Willie Austin, was found guilty of the unlawful possession of narcotic drugs after a trial before a judge, and was sentenced to the penitentiary for a term of not less than four nor more than ten years. Upon this writ of error he urges that he was not proved guilty beyond a reasonable doubt.

Two Federal narcotics agents, Charles Casey and Gene Looper, testified that they had a warrant for the arrest of the defendant. They saw him get into his car and drive around the block and into an alley, where he parked his car. They followed, placed him under arrest, searched his person and put him in their car, parked immediately behind his. Agent Casey testified that as they got out of their car he saw the defendant drop a small metal foil package. He picked up the package and showed it to the defendant, who admitted that it was his and that it contained heroin. Agent Looper testified to the arrest and to the finding of the package in his presence, but he was not asked any questions about the defendant's admissions, nor was he asked whether or not he saw the defendant drop the package. The defendant testified and denied that he had dropped the package or had had any drugs.

The defendant's first contention is that his own denial, coupled with the fact that agent Looper did not testify that he saw the defendant drop the package or heard his ad-

missions, creates a reasonable doubt as to guilt. We do not agree. The fact that agent Looper was not asked the identical questions that were put to agent Casey does not establish a contradiction between them. There is no requirement that the questions put to one prosecution witness must be put to all of them. We see no reason to assume that if Looper had been questioned concerning the points raised by the defendant his testimony would have differed materially from that of Casey. Looper's direct examination covered the circumstances of the arrest, and cross-examination was therefore available to explore any potential discrepancies. The conflict between Casey and the defendant as to what had occurred made it necessary for the trial judge to determine which of them he would believe, but it did not require him to find that guilt had not been established.

The defendant's second contention is that there was no proof that the substance contained in the package was a derivative of opium within the meaning of the statute. Section 2—17 of the Uniform Narcotic Drug Act contains this definition of opium: " 'Opium' includes morphine, codeine, and heroin, and any * * * derivative, mixture, or preparation of opium, but does not include apomorphine or any of its salts." (Ill. Rev. Stat. 1959, chap. 38, par. 192.28—2.17.) The indictment charged the defendant with possessing "a certain narcotic drug, to wit: opium, that is to say heroin." At the trial it was stipulated that the contents of the package "contained one gram, 605 milligrams, of heroin hydrochloride, which is a derivative of opium."

Defendant's position is that "The mere fact that this report stated that heroin hydrochloride was a derivative of opium does not in itself make it an illegal drug as the Uniform Narcotic Act does not cover any and all derivatives of opium." He argues that the burden was upon the prosecution "to show that it was a derivative of opium covered by the statute." But the statute includes all derivatives of opium, except "apomorphine or any of its salts," and sec-

tion 39 of the act provides: "In any * * * indictment, * * * it shall not be necessary to negative any exception, * * * contained in this Act, and the burden of proof of any such exception, * * * shall be upon the defendant." Ill. Rev. Stat. 1959, chap. 38, par. 192.28—39. Cf. *People v. Yeargain,* 3 Ill.2d 25.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*