**People of the State of Illinois, Plaintiff-Appellee, v. Rafael Sanchez Marichez, Defendant-Appellant.**

**Gen. No. 50,530.**

First District, Third Division.

July 21, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Marshall A. Patner, Frederick F. Cohn and

James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Morton E. Friedman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Upon a trial without a jury the defendant was convicted of the illegal sale of narcotics and sentenced to ten years to ten years and a day in the State Penitentiary. The issue to be determined on this appeal is whether a stipulation entered into between defendant and the State was sufficiently precise to constitute proof that the items defendant sold, charged to have been narcotics, were within the definition of those narcotic drugs, the sale of which is prohibited by statute.

State Narcotics Inspector William Sutphen testified that on three separate occasions defendant sold him products which in his opinion were narcotics, and that these products were placed in separate packages and submitted for chemical analyses to the Chicago Police Department Crime Laboratory. The packages were offered as People's Exhibits Nos. 1, 2 and 3, and a stipulation was entered into between the parties which provided that the chemist who analyzed the contents, if called as a witness, would testify that as to Exhibit No. 1, the substance was "cannabis sativa, commonly referred to as marijuana, from which the resin had not been extracted;" as to Exhibit No. 2, "that it was crushed green plant, and that it was also marijuana;" and as to Exhibit No. 3, "that it was marijuana from which the resin had not been extracted."

The statute, Ill Rev Stats, c 38, § 22–2(r)(3) (1963), provides as follows:

"(3)  'cannabis' includes all parts of the plant Cannabis Sativa L (commonly known as marihuana), whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture or preparation of such plant, its seeds, or resin; but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil or cake, or the sterilized seed of such plant which is incapable of germination."

Defendant contends that the stipulation does not permit the court to find that the substance found in defendant's possession was the prohibited part of the plant, as all the possible exceptions are not negatived by the express terms of the stipulation. Defendant adds that it is the State's burden to show that the substance was not composed of mature stalks or those other items enumerated in the statute as not included in the definition of "cannabis."

This contention advanced by defendant is contrary to the statute (Ill Rev Stats, c 38, § 22–44 (1963)) dealing with the burden of proof, and to cases construing that provision. That section provides as follows:

"In any complaint, information or indictment, and in any *action or proceeding* brought for the enforcement of any provision of this Act, it shall not be necessary to negative any exception, excuse, proviso or exemption, contained in this Act, and the burden of proof of any such exception . . . shall be upon the defendant." (Ill Rev Stats, c 38, § 22–44 (1963).) (Emphasis added.)

In People v. Yeargain, 3 Ill2d 25, 119 NE2d 752, the Supreme Court upheld an indictment charging the sale of cannabis, saying it "sufficiently described a narcotic drug as defined by statute, stated the offense in the terms and language of the statute creating the offense, and that it was *not necessary that the indictment negative the exceptions contained in the statute defining the regulated drug.*" (Emphasis added.) Defendant says that this case is not applicable, in that it dealt with an indictment, but the statute includes "any action or proceeding" and is not limited to preliminary proceedings.

Also supporting the State's position is People v. Austin, 22 Ill2d 587, 177 NE2d 97, in which a stipulation that the contents of a package was a derivative of opium was sufficient to sustain the conviction. The defendant there argued that a stipulation that the drug was a derivative of opium did not bring it within those drugs proscribed by statute, in that a certain opium derivative was exempt. The court said the burden was not upon the State to show that the drug in question was not the exempted drug. Defendant in the case before us concedes the validity of that holding and attempts to distinguish it from the instant case by noting that the indictment in the Austin case did specify which opium derivative was present. Defendant in fact contends that in a marijuana case the State must negative in the indictment (or in the stipulation, if one is made) all the exceptions enumerated in the statute.

A better rule is suggested in People v. Williams, 23 Ill 2d 549, 179 NE2d 639, where the court said (p 556):

> "Thus, if there is in the record evidence sufficient to raise a reasonable possibility that the defendant comes within the exemption thus creating a reasonable doubt of his guilt, the defendant has met the burden of proof imposed upon him by the statute.

> Where, as was the case in People v. Palumbo, 5 Ill 2d 409, there is no suggestion in the record that the substance containing narcotics is a medicinal preparation, the State is not required to prove the concentration."

In the instant case, since no evidence was introduced showing that the items sold by defendant were within the exceptions to the statute, the stipulation adequately supports the judgment.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.