PEOPLE *v.* NELSON WHITE

1. CRIMINAL LAW—DEFENSES-ENTRAPMENT.
   The defense of entrapment is not available when commission of the offense is denied.

2. CRIMINAL LAW — NARCOTICS — ILLEGAL SALE — MARIJUANA — SENTENCE — CRUEL AND UNUSUAL PUNISHMENT.
   A sentence of 20 to 25 years for conviction of selling marijuana without a license does not necessarily constitute cruel and unusual punishment where the punishment does not differ from sentences generally imposed for convictions of crime and is authorized by statute (MCLA § 335.152).

3. WITNESSES—DEFENDANT TESTIFYING—PRISON SENTENCE—JURY.
   The introduction of a defendant's prior prison sentence before a jury is objectionable.

4. WITNESSES—IMPEACHMENT—PRIOR CONVICTION.
   A witness's prior conviction may be shown for the purpose of testing his credibility (MCLA § 600.2158).

5. WITNESSES—DEFENDANT TESTIFYING—IMPEACHMENT—PRIOR CONVICTION.
   Prior convictions may be used to test the credibility of the witness even though the witness is also the defendant.

6. WITNESSES—DEFENDANT TESTIFYING—IMPEACHMENT—PRIOR SENTENCE—REVERSIBLE ERROR.
   The introduction of the length of a defendant's prior sentence before a jury is reversible error, without any necessity to discuss whether or to what extent the defendant was denied a fair and impartial trial (MCLA § 769.26).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 144.
[2] 21 Am Jur 2d, Criminal Law § 611.
[3–8] 58 Am Jur, Witnesses § 685 *et seq.*
[9–11] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 45.

7. CRIMINAL LAW—PRIOR CONVICTION—STATUTES—STRICT CONSTRUC-
TION.

> The statute permitting evidence of prior convictions to impeach
> a witness should be strictly construed and thus the length of
> a prior sentence is not admissible (MCLA § 600.2158).

8. CRIMINAL LAW — NARCOTICS — ILLEGAL SALE — MARIJUANA —
NEGATIVING OF EXCEPTIONS.

> The prosecution need not prove that the marijuana a defendant
> sold was not non-exempt marijuana (MCLA §§ 335.152,
> 767.48).

9. CRIMINAL LAW — NARCOTICS — ILLEGAL SALE — MARIJUANA —
NEGATIVING OF EXCEPTIONS.

> The defendant has the responsibility of establishing that the
> marijuana sold was exempt once the prosecution has proved
> that it was marijuana (MCLA §§ 335.152, 767.48).

10. CRIMINAL LAW — NARCOTICS — MARIJUANA — EXEMPT PORTIONS-
IDENTIFICATION — EVIDENCE — WITNESSES — EXPERT TESTIMONY.

> Refusal to allow defense counsel to ask an expert witness whether
> the marijuana that the defendant sold was habit forming was
> error where counsel was trying to establish that the marijuana
> was the exempt portion of the plant (MCLA §§ 335.151,
> 767.48).

11. CRIMINAL LAW—STATUTE—NEGATIVING OF EXCEPTIONS.

> The state cannot, on the one hand, impose the responsibility of
> proving that his case falls within a statutory exception on the
> defendant and, on the other hand, deprive him of an effective
> and appropriate means of doing so (MCLA § 767.48).

Appeal from Wayne, Benjamin D. Burdick, J.
Submitted Division 1 June 8, 1970, at Detroit.
(Docket No. 4,268.)   Decided August 24, 1970.

Nelson White was convicted of the illegal sale of
marijuana.   Defendant appeals.   Reversed and re-
manded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*

Chief, Appellate Division, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant.

Before: HOLBROOK, P. J., and R. B. BURNS and O'HARA,* JJ.

O'HARA, J.     Defendant was convicted by a jury of selling marijuana without a license contrary to MCLA § 335.152 (Stat Ann 1957 Rev § 18.1122).   He was sentenced to 20 to 25 years in prison.

Initially, defendant urges that the trial court erred in refusing to instruct the jury on defendant's theory of entrapment.   The trial court's refusal was proper.

Defendant denied making the sale.   The defense of entrapment is not available when the offense is denied.   *People* v. *Murn* (1922), 220 Mich 555; *Tomita* v. *Tucker* (1969), 18 Mich App 559.   *Cf. Hansford* v. *United States* (1962), 112 US App DC 359 (303 F2d 219).

Next, defendant contends that his punishment under the statute constitutes cruel and unusual punishment.   The sentence imposed falls within the limits set by the statute.   See *People* v. *Girard* (1969), 18 Mich App 593.   The nature of the punishment does not differ from that imposed for conviction of crime generally.   The sentence is not infirm constitutionally.   *People* v. *Collins* (1969), 16 Mich App 667, 670.

The next assignment of error concerns the admission into evidence of the length of the sentence the accused served for a prior offense.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

During cross-examination of defendant, the following transpired:

"*The Court* (*to witness*): Have you ever been arrested and convicted? You know what 'convicted' means, don't you?

"*The Witness:* Yes. 'Convicted' means found guilty of a crime.

"*The Court:* Or pleaded guilty?

"*The Witness:* I have pleaded guilty to a crime.

"*A.* (*By Mr. Meyers* [*prosecutor*], *continuing*): You have pleaded guilty to a crime?

"*A.* Yes, I have.

"*Q.* What crime was that?

"*A.* This was possession.

"*Q.* Possession of what?

"*A.* Of marijuana.

"*Q.* Possession of marijuana?

"*A.* Possession of marijuana.

"*Q.* And when was this that you pleaded guilty to such a crime?

"*A.* This was in May of '64.

"*Q.* May of '64?

"*A.* May of '65.

"*Q.* Are you sure of the date?

"*A.* No, I'm not positive. It was in May.

"*Q.* And what was your sentence?

"*Mr. Evans* [*defendant's counsel*]: I'll object to that as being immaterial, your Honor.

"*The Court:* The sentence?

"*Mr. Evans:* Yes.

"*The Court:* What crime was he convicted of before a judge?

"*Mr. Meyers:* Pardon?

"*The Court:* Before what judge. Is that what you're going to ask him?

"*Mr. Meyers:* No, I was just going to ask him if he was sentenced.

"*Mr. Evans:* He didn't deny it. He said he was arrested and convicted.

"*The Court:* I overrule your objection. This is cross-examination. He is testing his credibility. He may answer the question.

"*Q. (By Mr. Meyers, continuing)* : What were you sentenced to on this crime?

"*A.* I was sentenced to two years to ten in the Jackson Penitentiary."

Specifically, defendant objects to having been required to state what his sentence had been on the prior conviction. Our only guideline in determining this issue appears to be the following statement in *People* v. *Kotek* (1943), 306 Mich 408, 412:

"Defendant alleges that the trial court erred in referring to his previous prison sentence. As the record indicates that such reference was not made in the presence of the jury, it would not constitute reversible error."

We concur with the implication in *Kotek* that it is objectionable to introduce an accused's prior prison sentence before a jury. The fact of a prior conviction may be shown for the purpose of testing the credibility of a witness. MCLA § 600.2158 (Stat Ann 1962 Rev § 27A.2158). When the witness is also the accused, this rule poses a dilemma. An accused who may wish to take the stand in his own defense may be inhibited from doing so if faced with the threat of his prior record being revealed to the jury. See *People* v. *Eldridge* (1969), 17 Mich App 306. This inhibition is even greater if prior sentences are also revealed. While we must adhere to the rule that prior convictions are admissible for testing credibility, we see no reason to enlarge the rule to include prior sentences. It is the prior conduct undertaken by the accused, and not the ensuing punishment, which is relevant. Moreover, sentences for the same offense often vary from tribunal to tribunal and from judge to judge.

We choose not to speculate whether, and to what extent, the testimony of a maximum ten-year sentence may have influenced the jury and denied the defendant the constitutional guarantee of a fair and impartial trial. The introduction of the length of defendant's prior sentence was reversible error. We cannot say that it did not inure to the prejudice of the defendant. MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096). The statute permitting evidence of prior convictions should be strictly construed. While we could reverse on this point alone, the last issue raised may well arise in the event of a new trial. Consequently, we feel obligated to address ourselves to it.

At defendant's trial, Stanley G. Hall, a chemist in the Alcohol and Tobacco Tax Division of the Internal Revenue Service, United States Treasury Department, was called by the prosecution as an expert witness. On direct examination, Mr. Hall testified to an analysis which he performed on the contents of a tobacco can, the sale of which constituted the basis for this prosecution.

"*Q.* Now, did you make an analysis of the contents of that Prince Albert can?

"*A.* I did,   *   *   *   .

"*Q.* And what are the results of your analysis.

"*A.* I found the sample to contain 23.53 grams of marijuana before analysis.

"*Q.* Now, are you familiar with the designations made as to narcotics by the United States Treasury Department?

"*A.* I am.

"*Q.* And can you tell the jury and the court whether or not marijuana has been designated as a narcotic?

"*A.* Marijuana has been designated as a narcotic."

Defendant contends that the above offer of proof was insufficient to sustain the conviction under

MCLA § 335.152 (Stat Ann 1957 Rev § 18.1122), which provides:

"Any person not having a license under the provisions of Act No. 343 of the Public Acts of 1937, as amended, being sections 335.51 to 335.78, inclusive, of the Compiled Laws of 1948, *who shall sell*, manufacture, produce, administer, dispense or prescribe *any narcotic drug* shall be deemed guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for a term of not less than 20 years nor more than life." (Emphasis supplied.)

The term "narcotic drug" is defined in a prior provision of the same statute (MCLA 335.151 [Stat Ann 1957 Rev §18.1121]), which provides:

"The following words and phrases, as used in this act, shall have the following meanings, unless the context otherwise requires:

*        *        *

"(2) 'Narcotic' includes the following:

*        *        *

"(f) All parts of the plant Cannabis Sativa. The term 'Cannabis' as used in this act shall include all parts of the plant Cannabis Sativa L., whether growing or not, the seeds thereof, the resin extracted from any part of such plant, and every compound, manufacture, salt, derivative, mixture or preparation of such plant, its seeds, or resin; *but shall not include* the mature stalks of such plant, fiber produced from such talks, oil or cake made from the seeds of such plant, other compound, manufacture, salt, derivative, mixture or preparation of such mature stalks, except the resin extracted therefrom, fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination. This definition is to include marihuana and all allied plants of the cannabis family which are habit forming.

"(i) Any substance or synthetic narcotic drug which the bureau of narcotics of the United States treasury department has heretofore designated as 'narcotic'." (Emphasis supplied.)

Defendant contends that it was incumbent upon the people, in meeting their burden of proving the essential elements of the offense, to prove that the marijuana allegedly sold was narcotic in nature, *i.e.*, that it did not consist of the exempt portions of plant Cannabis Sativa L. and was habit-forming. As there was no showing whether the marijuana consisted of exempt or non-exempt portions of the plant, defendant concludes that an essential element of the offense has not been proved.

We cannot agree. In this state the precise point is covered by both statute and case law. MCLA § 767.48 (Stat Ann 1954 Rev § 28.988) provides:

"No indictment for any offense created or defined by statute shall be deemed objectionable for the reason that it fails to negative any exception, excuse or proviso contained in the statute creating or defining the offense. The fact that the charge is made shall be considered as an allegation that no legal excuse for the doing of the act exists in the particular case."

In *People* v. *Baker* (1952), 332 Mich 320, the court applied the above provision in a case similar to the one at bar.

"Defendant Gloria Baker was tried and convicted for violation of CL 1948, § 335.102 (Stat Ann 1949 Cum Supp § 18.1102), which reads as follows:
" 'It shall be unlawful for any person, firm, partnership, association or corporation, *other than a drug manufacturer or wholesaler, licensed physician, licensed dentist, licensed veterinarian, licensed druggist or pharmacist, hospital, or police or public health laboratory,* to have in possession any barbituric acid

and any of its derivatives, chloral hydrate or paral-dehyde, *unless the same are contained in the original container, as dispensed to them.'* ”

*      *      *

“Upon leave being granted, defendant appeals and urges that the motion [for a directed verdict of not guilty] should have been granted because under the statute the people failed to prove that defendant was not any one of the parties enumerated in the statute. The people urged that proof of the negative allegations set forth in the statute, being within the knowledge of defendant, she must show that she comes within the exceptions. The people also urge that under CL 1948, § 767.48, it was not necessary to aver the negative allegations mentioned in the statute and therefore not incumbent upon the people to prove the same.

“Section 767.48, CL 1948 (Stat Ann § 28.988), provides:

“ ‘No indictment for any offense created or defined by statute shall be deemed objectionable for the reason that it fails to negative any exception, excuse or proviso contained in the statute creating or defining the offense. The fact that the charge is made shall be considered as an allegation that no legal excuse for the doing of the act exists in the particular case.’

“We concur with the people’s claim and hold *that it was not necessary to allege or prove the negative allegations.*” (pp 322, 323.) (Emphasis supplied.)

After careful consideration of MCLA § 767.48, quoted *supra,* and its application in *Baker,* we are of the opinion that it was not incumbent upon the people in this case to prove that the marijuana allegedly sold was non-exempt marijuana. See *State* v. *Everidge* (1967), 77 NM 505 (424 P2d 787); *People* v. *Marichez* (1966), 73 Ill App 2d 230 (219 NE2d 624); *People* v. *Washington* (1966), 81 Ill App 2d 90 (225 NE2d 472), *aff'd* (1968), 41 Ill 2d 16

(241 NE2d 425); *State* v. *Garcia* (1966), 69 Wash 2d 546 (419 P2d 121). See, also, *State* v. *Page* (Mo, 1965), 395 SW2d 146; *State* v. *White* (Mont, 1969), 456 P2d 54. *Cf. Salazar* v. *People* (1963), 153 Colo 93 (384 P2d 725).

Holding as we do, that under the statute it is the defendant's responsibility to establish that the exemptions are applicable, we must address ourselves to the permissible methods by which he may do so. The question arises in this case because of defendant's attempted cross-examination of the state's expert witness. Implicit in defendant's argument is the claim that it was error for the trial court to sustain the objection to the following question propounded by defense counsel to the expert who identified the substance defendant sold simply as marijuana:

"*Q*. Was this marihuana then, People's Exhibit 1(a) habit forming?

"*Mr. Meyers [Assistant Prosecuting Attorney]*: Just a moment, your Honor, I object to that as being immaterial.

"*The Court*: Objection sustained.

"*Mr. Evans*: Your Honor, I certainly don't know what the basis of the objection is, and I would like to get at the provisions as set up in the Michigan statutes.

"*The Court*: The objection is sustained because it is not important to inquire of this man anything further than (1) that it is marihuana, and (2) that it is a narcotic in accordance with the United States Code or Treasury Department rules, and that's it. I assume this is what the Assistant Prosecutor was going to say.

"*Mr. Meyers*: That's right, your Honor."

In the first place, marijuana, as contemplated within the statute prohibiting sale of narcotics, is specifically described in § 2(f) of MCLA § 335.151,

quoted *supra*. This definition cannot be ignored by reference to the more general, catch-all provision of § 2(i). Section 2(f) clearly provides: "This definition is to include marihuana and all allied plants of the Cannabis family which *are habit forming*." The propriety of defense counsel's question, "Was this marihuana  *  *  *  habit forming?" is self-evident. The question was a proper first step by defense counsel in meeting defendant's responsibility to establish that the marijuana in question fell within the statutory exemptions. We cannot, on the one hand, impose the responsibility of proving the exception on the defendant and, on the other hand, deprive him of an effective and perfectly appropriate means of doing so. While the testimony elicited on cross-examination may not have alone sufficed, we cannot speculate what the answer might have been. The defendant, as well as the state, was entitled to know the expert's answer.

We deem this result to be consistent with the fair import of *People* v. *Cardenas* (1970), 21 Mich App 636, upholding a defendant's right to take appropriate measures to challenge the people's proofs.

Reversed and remanded for a new trial.

All concurred.