PEOPLE v TINSKEY

PEOPLE v WILLIAMS

1. ABORTION—CONSPIRACY—DEFENSES—IMPOSSIBILITY.

The crime of conspiracy to commit abortion is not affected by the impossibility of the actual commission of the abortion due to the fact that the woman on whom the abortion is to be performed is not pregnant because conspiracy to commit a crime is a separate and distinct offense from the crime which it is the object of the conspiracy to commit.

2. ABORTION—CONSPIRACY—DEFENSES—ENTRAPMENT.

The defense of entrapment was not established as a matter of law where a jury could have concluded from the evidence that a defendant charged with conspiracy to commit abortion took the initiative in contacting the other three defendants in order to carry out the abortion, and that the police merely gave him an opportunity by means of a police decoy to commit a crime to which he was already predisposed; the issue of whether the police actually implanted the criminal design in the mind of a theretofore innocent person in order to prosecute him was therefore appropriately left for the jury's determination.

3. CRIMINAL LAW—DEFENSES—ENTRAPMENT—INSTRUCTIONS TO JURY —ADMISSIONS.

A mere request by a criminal defendant for an entrapment instruction cannot be deemed an admission of the crime charged.

4. CRIMINAL LAW—DEFENSES—ENTRAPMENT—INSTRUCTIONS TO JURY.

It is not error for a trial court to deny a requested instruction on entrapment when a defendant denies that he has committed the offense charged.

5. CRIMINAL LAW—DEFENSES—ENTRAPMENT—INSTRUCTIONS TO JURY.

A trial court did not err in its instructions to the jury on the

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Conspiracy § 7 *et seq.*
[2–5] 53 Am Jur, Trial § 650.

defense of entrapment by telling the jury that the defendants claiming the defense had admitted the crime charged even though the defendants did not testify at trial where defense counsel had acknowledged in both his opening and closing statements that the defendants admitted the crime charged, because it is not error for a court to make reference in the instructions to a posture openly adopted by defendants claiming entrapment.

Appeal from Kent, Roman J. Snow, J. Submitted Division 3 May 11, 1973, at Grand Rapids. (Docket No. 11582.) Decided September 25, 1973.

Gerald W. Tinskey and John F. Williams were convicted of conspiracy to commit abortion. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, *Donald A. Johnston, III,* Chief Appellate Attorney, and *Robert A. Marsac,* Assistant Prosecuting Attorney, for the people.

*Louisell & Gillis,* for defendants on appeal.

Before: DANHOF, P. J., and McGREGOR and MILES,* JJ.

DANHOF, P. J. Defendants Gerald W. Tinskey and John F. Williams, along with two other defendants not involved in this appeal, were convicted by a jury of the offense of conspiracy to commit abortion, in violation of MCLA 750.14; MSA 28.204 and MCLA 750.157a; MSA 28.354(1). On April 15, 1971, the defendants were sentenced to terms of ten months in the Kent County Jail.

Defendants' first contention is that there can be no guilt of the crime of conspiracy to commit

---

* Circuit judge, sitting on the Court of Appeals by assignment.

abortion because of the impossibility of the actual commission of the abortion. This impossibility derives from the fact that the woman on whom the abortion was to be performed was actually a policewoman who was not pregnant. The same argument advanced by defendants was made and rejected in *State v Moretti,* 52 NJ 182, 186–187; 244 A2d 499, 502 (1968):

"Here, there can be no doubt that if, as the jury found, there was an agreement among the defendants, its purpose was to commit an unlawful abortion and the conspirators took substantial steps in an endeavor to accomplish this end. That, unknown to them, Mrs. Swidler was not in a condition to be aborted in no way negates their clearly manifested intent to commit a criminal act. Such concerted intent, coupled with an overt act, is punishable whether or not the contemplated crime is consummated. *United States v Bayer,* 331 US 532, 542; 67 S Ct 1394, 1399; 91 L Ed 1654, 1661, *rehearing denied* 332 US 785; 68 S Ct 29; 92 L Ed 368 (1947). That a factor unknown to the conspirators makes it impossible for them to complete their intended crime in no way lessens the degree of culpability involved in the criminal combination."

The law is equally well-settled in Michigan that conspiracy to commit a crime is a separate and distinct offense from the crime which it is the object of the conspiracy to commit. *People v Chambers,* 279 Mich 73, 77; 271 NW 556, 557 (1937).

Secondly, defendants claim that the record clearly demonstrates that the conspiracy in the instant case was generated by police agents, and that the defense of entrapment had therefore been established as a matter of law. The United States Supreme Court, in the recent case of *United States v Russell,* 411 US 423; 93 S Ct 1637; 36 L Ed 2d 366 (1973) [released April 24], not only retained the traditional "predisposition" test for entrap-

ment, but reversed a lower court's finding of entrapment as a matter of law regardless of predisposition. There was evidence in the case at bar by which the jury could have concluded that defendant Williams took the initiative in contacting the other three defendants in order to carry out the abortion and that the police merely gave him the opportunity by means of a police decoy to commit a crime to which he was already predisposed. The issue of whether the police went further and actually implanted the criminal design in the mind of a theretofore innocent person in order to prosecute him was therefore appropriately left for the jury's determination.

Defendants' third claim on appeal is that the trial court erred in its instructions to the jury on the defense of entrapment by telling the jury at two different points in the instruction that those defendants (three of the four codefendants among whom were defendants Williams and Tinskey) claiming the defense of entrapment had admitted the actual conspiracy. Defendants point to the fact that neither they nor the other two defendants took the stand at trial. They argue that, by merely requesting that the jury be instructed on entrapment, they admitted nothing. We agree that a mere request by a criminal defendant for an entrapment instruction cannot be deemed an admission. However, the law is also well-settled in Michigan that it is not error for the trial court to deny a requested instruction on entrapment when a defendant denies that he has committed the offense charged. *People v Murn,* 220 Mich 555, 558; 190 NW 666 (1922); *Tomita v Tucker,* 18 Mich App 559, 563; 171 NW2d 564, 566 (1969); *People v Nelson White,* 26 Mich App 35, 37; 181 NW2d 803, 804 (1970); *People v Claugherty,* 36 Mich App 648,

652; 194 NW2d 54, 56 (1971); *People v Pugh,* 48 Mich App 242, 246; 210 NW2d 376, 378 (1973). Many jurisdictions would seem to be in accord with Michigan law on this issue. 61 ALR2d 677.

Pursuant to the above well-established precedent, the trial court made an appropriate pretrial ruling to the effect that those defendants who wished to rely on the defense of entrapment and to be entitled to appropriate instructions could not simultaneously deny an agreement to commit abortion. Defense counsel so acknowledged to the jury in opening statement:

"The Court will instruct you as to the proper defense of the defense of entrapment and how you are to apply it to the facts. Now, in the development of this theory, Members of the Jury, you will see from evidence that will be presented from that witness stand that the real beginning, the genesis of this so-called conspiracy, and on behalf of John. F. Williams, Gerald Tinskey, and Suzel Mitchell we are acknowledging—in order to avail ourselves of the defense of entrapment—that in turn there was an agreement which led to the acts that took place on November 24, 1969. In other words, we are going to save part of your function. We are not denying what took place on November 24, 1969, but what we are saying to you is but for the enticement, the luring, the ruse, as it were—to use Mr. Zerial's word—the chicanery."

and in closing argument:

"This is a conspiracy case. We have admitted conspiracy as to Jack Williams, as to Gerald W. Tinskey, and as to Suzel Mitchell.

"Members of the Jury, Ronald Mitchell has said to you by his plea that has been entered in this case—he has pleaded not guilty. He has said to you also by not stating that he was entrapped, that he was not guilty because he didn't participate in anybody's conspiracy.

This is the distinction between Ronald Mitchell and the other three defendants."

We, therefore, find no error in the fact that the court made reference in the instructions to the posture openly adopted by the defendants claiming entrapment. The comments were helpful to keep clear in the minds of the jurors the distinction between these defendants and the fourth defendant who chose to rely on a general denial of involvement in the conspiracy.

Defendants' last claim on appeal is that the trial court erred by refusing to instruct the jury that the testimony of two of the people's witnesses was that of accomplices and informers and should be received with care and caution. The record reveals that defendants requested and the court so instructed the jury that the possible motives of these witnesses could be considered as to whether immunity or other inducements had been offered to them for their testimony. Such an instruction was proper and favorable to defendants. Defendants' assertion that a further "care and caution" instruction should have been given is therefore without merit.

Affirmed.

All concurred.