PEOPLE v TINSKEY (ON REMAND)

PEOPLE v WILLIAMS (ON REMAND)

CRIMINAL LAW—DEFENSES—ENTRAPMENT—CASE LAW—RETROACTIVE APPLICATION.

The Court of Appeals, in considering a defense of entrapment in the light of new standards set forth in a Supreme Court decision, declines to give the decision retroactive effect where the defendants in the present case were convicted 2-1/2 years prior to the announcement of the new standards, and under the applicable prior standards the defense of entrapment was not established as a matter of law.

Appeal from Kent, Roman J. Snow, J. Submitted Division 3 May 11, 1973, at Grand Rapids. (Docket No. 11582.) Decided June 24, 1974. Leave to appeal applied for.

Gerald W. Tinskey and John F. Williams were convicted of conspiracy to commit abortion. Defendants appealed. Affirmed, 49 Mich App 497 (1973). Remanded by the Supreme Court for reconsideration of the defense of entrapment, 391 Mich 810 (1974). Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, *Donald A. Johnston, III,* Chief Appellate Attorney, and *Robert A. Marsac,* Assistant Appellate Attorney, for the people.

*Philip A. Gillis,* for defendants on appeal.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 143–145.

Before: Danhof, P. J., and McGregor and
Miles,* JJ.

## On Remand

Danhof, P. J. This cause was remanded to our
Court by order of the Supreme Court dated April
18, 1974, for reconsideration in light of *People v
Turner,* 390 Mich 7; 210 NW2d 336 (1973). The
first decision by this Court is reported at 49 Mich
App 497; 212 NW2d 263 (1973).

In *Turner,* our Supreme Court rejected the sub-
jective test for entrapment and accepted Justice
Stewart's dissenting opinion in *United States v
Russell,* 411 US 423; 93 S Ct 1637; 36 L Ed 2d 366
(1973).

This Court upon remand has reconsidered this
cause in light of *Turner* and does hereby reaffirm
its original opinion affirming defendants' convic-
tions of conspiracy to commit abortion in violation
of MCLA 750.14; MSA 28.204 and MCLA 750.157a;
MSA 28.354(1). Defendants were convicted by a
jury of this offense on February 10, 1971. The
*Turner* case was decided in September of 1973,
approximately 2-1/2 years later. In *People v
Gaines,* 53 Mich App 443; 220 NW2d 76 (1974), a
panel of this Court held that *Turner* was to be
applied prospectively:

"We hold that until the Supreme Court clearly man-
dates that *Turner* is to be applied retroactively, we
must approach this on the basis of the standards which
were applicable prior to *Turner.* To do otherwise would
have a highly detrimental effect on the administration
of justice. This seriously disruptive effect predisposes a
prospective application, in a fashion not dissimilar to
the United States Supreme Court's refusal to apply
*Miranda* and *Escobedo* retroactively."

* Circuit judge, sitting on the Court of Appeals by assignment.

In this cause, under the standards applicable prior to *Turner,* we cannot say as a matter of law that defendants were entrapped.

Affirmed.

McGREGOR, J., concurred.

MILES, J., did not participate.