PEOPLE v. KOTEK.

1. CRIMINAL LAW—IDENTIFICATION OF EXHIBITS.
   In prosecution for felonious assault and robbery while armed
   with a toy pistol, claimed error in admission of toy pistol
   and sack and identification tag containing money found in
   defendant's possession at time of his arrest a few minutes
   after the robbery on ground that such exhibits had not been
   properly identified was without merit where all exhibits were
   identified by police officers and pistol was also identified by
   victim of robbery (Act No. 328, § 529, Pub. Acts 1931).

2. SAME—REFERENCE TO PREVIOUS PRISON SENTENCE—JURY.
   Reference to defendant's previous prison sentence did not con-
   stitute reversible error where reference was not made in the
   presence of the jury.

3. SAME—APPOINTMENT OF COUNSEL—FAIR TRIAL.
   One accused of crime was not denied a fair and impartial trial
   because court did not appoint counsel for him of accused's
   own choice where it appears that counsel whom he had em-
   ployed and who had represented him at preliminary examina-
   tion did not appear in the circuit court proceedings and other
   counsel was appointed upon accused's request, that accused
   does not appear to have designated any attorney whom he
   wished appointed, that the attorney appointed by the court
   was able and qualified, and that statute relative to appoint-
   ment of an attorney for an accused does not require the ap-
   pointment of an attorney chosen by the accused (3 Comp.
   Laws 1929, § 17486).

4. SAME—COMPULSORY PROCESS—TEMPORARY INSANITY.
   Defendant's claim that he was denied compulsory process to
   obtain the presence of witnesses was without merit where
   it appears by his affidavits in support of application to ob-
   tain leave to file a delayed motion for a new trial that he
   may have intended to assert the defense of temporary in-

sanity but that he had not filed and served notice in writing of his intention to claim such defense as required by statute and at the time of trial did not know the names of witnesses who would testify on his behalf (Const. 1908, art. 2, § 19; 3 Comp. Laws 1929, § 17313).

5. CONTINUANCE—DISCRETION OF COURT.

The granting of a motion for a continuance is discretionary with the trial judge and in the absence of a showing of abuse of discretion the Supreme Court should not interfere with the denial of such motion.

6. CRIMINAL LAW—CONTINUANCE—DISCRETION OF COURT.

Denial of a motion for continuance in order that defendant, accused of felonious assault and robbery while armed with a toy pistol, might procure witnesses was not an abuse of discretion lodged in trial court.

7. SAME—MISCARRIAGE OF JUSTICE—DELAYED MOTION FOR NEW TRIAL.

Various alleged errors in course of trial of one accused of a felony urged after lapse of several years in prison in support of application for leave to file a delayed motion for a new trial which do not appear to have resulted in a miscarriage of justice together with possible inability to locate witnesses render denial of such application proper (3 Comp. Laws 1929, § 17354).

Appeal from Ingham; Carr (Leland W.), J. Submitted June 17, 1943. (Docket No. 90, Calendar No. 42,290.) Decided September 7, 1943.

Joseph Kotek was convicted of robbery while armed. Affirmed.

*Joseph Kotek, in pro. per.*

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Charles R. MacLean,* Assistant Prosecuting Attorney, for the people.

STARR, J. Defendant was tried by jury and convicted under an information charging felonious assault and robbery while armed with a toy pistol,

in violation of Act No. 328, § 529, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–529 [Stat. Ann. § 28.797]). In October, 1939, he was sentenced to a prison term of 10 to 20 years. In September, 1942, acting *in propria persona,* he filed application for leave to file a "delayed motion for a new trial," alleging, among other things, that he had been deprived of a fair and impartial trial. Such application was denied, and, having obtained leave, he appeals.

The uncontradicted testimony of the complaining witness and of police officers established that defendant entered a cafe on north Washington avenue in the city of Lansing at about 3 o'clock in the morning of August 15, 1939, and, using a toy pistol in a manner to simulate a dangerous weapon, held up the cafe employee and took about $49 from the cash register. He was arrested within a few minutes after such robbery, and the toy pistol and also the money taken from the cash register were found in his possession.

At the jury trial defendant presented no testimony, did not take the stand in his own behalf, and refused the advice and services of an attorney appointed by the court to represent him. During the trial defendant stated in part:

*"Defendant:* I want the case defended the way I want him (attorney) to defend it and he is not going to do that and I would like an opportunity * * * to be given an attorney of my own.

*"The Court:* An attorney has been appointed for you at the expense of the county to defend you. * * * It does not necessarily follow that the attorney is required to do everything you asked him to do. The attorney is supposed to use his own judgment, his knowledge of the law and his knowledge of procedure. He is not expected to indulge in

any kind of unethical practice or any matter of that kind. The case was set for trial today and the jury has been sworn to try the case and the trial must go on. * * *

"*Defendant:* Well, your honor, I would rather defend myself than have any attorney do it.

"*The Court:* Do you wish to conduct your own defense?

"*Defendant:* Well, I will not cross-examine any witness but I will just talk to the jury. * * * I don't want any attorney."

At the conclusion of the people's proofs' the following occurred:

"*Defendant's Attorney:* If the court please, the defendant has informed me he will not take the stand and there are no other witnesses here in court and I am unable to present a defense. * * * Mr. Kotek tells me that he has about 40 witnesses. I have no knowledge who they are or whether they may be reached and brought in here for the trial. I have advised the defendant to take the stand and testify in his own behalf but he is not willing to co-operate with me in that respect.

"*The Court:* * * * I do not understand that any request (was made) by him (defendant) or the prosecuting attorney or any other officer to have any particular witnesses brought in on behalf of the defendant. If petition had been presented in due season the witnesses would have been produced. * * * Who are the witnesses you (defendant) wish to produce?

"*Defendant:* I cannot recall their names. * * * I do not know the names of the witnesses. * * *

"*Defendant's Attorney:* * * * I had no particular knowledge of the defense and talked with his (defendant's) sister this noon who informed me that there are people in Lansing who might be able to aid in the defense of insanity. The defendant informed me that that was his only possible defense.

He has no recollection of the events described by the complaining witnesses and officers who testified on behalf of the prosecution this morning. The defendant is not satisfied with my acting as his attorney and requested that I not make this motion but I believe it is my duty  *   *   *  to request a continuance so he may be properly defended.''

Such motion for a continuance was denied, and the case was submitted to the jury, which returned a verdict of guilty. In denying defendant's application for leave to file a delayed motion for a new trial, the trial judge considered and determined, adversely to defendant, substantially the same questions that are presented for review on this appeal.

Defendant's contention, that the trial court erred in admitting exhibits A, B, and C, without proper identification, is without merit. The toy pistol, exhibit A, was identified by the cafe employee and also by police officers. The money found in defendant's possession at the time of his arrest was placed in a sack with identification tag attached. Such sack and tag, marked exhibits B and C, were identified by police officers.

Defendant alleges that the trial court erred in referring to his previous prison sentence. As the record indicates that such reference was not made in the presence of the jury, it would not constitute reversible error.

Defendant contends that he was deprived of a fair and impartial trial, because he was denied counsel of his own choice. It appears that the counsel whom defendant had employed to represent him at the preliminary examination did not appear in the circuit court proceedings, and upon defendant's request the court appointed other counsel to represent him (3 Comp. Laws 1929, § 17486 [Stat. Ann. § 28.1253]). Such statute does not require the ap-

pointment of an attorney chosen by the accused. Furthermore, the record does not disclose that defendant designated any attorney whom he wished appointed, nor does it disclose that the attorney appointed by the court was not able and qualified.

We find no merit in defendant's claim that he was denied compulsory process to obtain the presence of witnesses (Const. 1908, art. 2, § 19). In affidavit filed in support of his application to obtain a new trial, defendant stated, in substance, that prior to committing the robbery in 1939, he was afflicted with a venereal disease; that as a result of taking excessive amounts of a curative drug, and also excessive amounts of intoxicating liquor, his mind was affected and he had no recollection of having committed the crime. Such affidavits indicate that defendant may have intended to assert the defense of temporary insanity. However, he did not, at the time of arraignment or thereafter, file and serve notice in writing of his intention to claim such defense, as required by 3 Comp. Laws 1929, § 17313 (Stat. Ann. § 28.1043).* During the trial defendant indicated that there were witnesses who would testify on his behalf but that he did not know their names. From a careful reading of the record we are satisfied there was no denial of defendant's right to compulsory process.

All other errors assigned relate to the trial court's denial of defendant's motion for a continuance. The granting of such motion was discretionary with the trial judge, and in the absence of a showing of abuse of discretion we should not interfere with the denial of such motion.

---

* This section was amended by Act No. 80, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 17313, Stat. Ann. 1942 Cum. Supp. § 28.1043), effective September 29, 1939. The trial took place on September 18, 1939.—REPORTER.

"The matter of delaying a trial to enable a party to get his witnesses is one so peculiarly within the discretion of the trial judge, that we should not feel warranted in reviewing said discretion, except in a very extreme case." *Gold* v. *Detroit United Railway,* 169 Mich. 178, 180.

"It was entirely within the discretion of the court to refuse a delay for the purpose of procuring witnesses. * * * The judge was possessed of all the facts, and was in a far better position than are we to judge of the propriety of a delay." *People* v. *Foote,* 93 Mich. 38.

See, also, *People* v. *Raider,* 256 Mich. 131; *People* v. *Fitzgerald,* 226 Mich. 402; *People* v. *Fenner,* 217 Mich. 239; *People* v. *Jackzo,* 206 Mich. 183; 16 C. J. p. 453, § 822. We are satisfied that the trial court did not abuse its discretion in denying defendant's motion for a continuance.

A situation somewhat similar to that in the present case was considered in *People* v. *Schaner,* 302 Mich. 6. In that case Mr. Justice BOYLES said, p. 11:

"Defendant was convicted in 1937 and sentenced to a minimum of 10 years in State prison. More than three years elapsed before appeal was sought. Lapse of time and possible inability to locate witnesses tend to defeat the ends of justice and to disparage the sincerity of claims such as here advanced."

The authorities cited by defendant do not sustain his contentions. We are satisfied that the errors complained of did not result in a miscarriage of justice.*

* See 3 Comp. Laws 1929, § 17354 (Stat. Ann. § 28.1096).—REPORTER.

The order of the trial court, entered October 14, 1942, denying defendant's application for leave to file a delayed motion for a new trial, is affirmed.

Boyles, C. J., and Chandler, North, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred.