PEOPLE *v.* UNGUREAN

OPINION OF THE COURT

1. CRIMINAL LAW—DEFENDANT TESTIFYING—IMPEACHMENT—PRIOR CONVICTIONS—PRIOR SENTENCE.

A defendant's prior conviction may be shown for the purpose of testing his credibility; however, a defendant's prior sentence may not be shown.

2. CRIMINAL LAW—DEFENDANT'S PRIOR SENTENCE—LENGTH OF SENTENCE—ADMISSIBILITY—REVERSIBLE ERROR.

The introduction in a criminal trial of the length of a defendant's prior sentence is reversible error.

3. CRIMINAL LAW—EVIDENCE—OTHER OFFENSES—ADMISSIBILITY.

Evidence of other distinct offenses, as a general rule, is not admissible even though the other offenses are of the same kind of offense as the one charged.

DISSENT BY GILLIS, J.

4. CRIMINAL LAW—PRIOR SENTENCE—PROSECUTOR'S COMMENTS—DEFENDANT TESTIFYING.

*A prosecutor's showing defendant's prior sentence does not substantially prejudice the defendant and does not constitute reversible error where the defendant takes the stand and thus subjects his credibility to impeachment, because a jury, knowing of the defendant's conviction, could justifiably presume that the defendant has been punished accordingly.*

5. CRIMINAL LAW—EVIDENCE—OTHER OFFENSES.

*Prosecutor's reference in defendant's trial for uttering and publishing a forged check to three other forged checks did not constitute error where the subject of the other checks was first brought up by defense counsel.*

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 58 Am Jur, Witnesses §§ 734, 746, 747–750.
[5] 58 Am Jur, Witnesses §§ 788, 789.

Appeal from Calhoun, Ronald M. Ryan, J. Submitted Division 3 June 11, 1971, at Grand Rapids. (Docket No. 9037.) Decided July 23, 1971.

Florian Ungurean was convicted of uttering and publishing a forged check. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John M. Jereck,* Prosecuting Attorney, and *Noel G. Petersen,* Assistant Prosecuting Attorney, for the people.

*Richard T. Greene,* for defendant on appeal.

Before: R. B. BURNS, P. J., and FITZGERALD and J. H. GILLIS, JJ.

R. B. BURNS, P. J. Defendant was convicted of uttering and publishing a forged check. MCLA § 750.249 (Stat Ann 1962 Rev § 28.446).

On appeal defendant claims four points of error, of which only two will be discussed.

1. Defendant claims it was error for the prosecution to ask him if he had been sentenced to prison for 1-1/2 to 5 years for a similar offense.

2. Defendant claims it was error for the prosecution to ask questions pertaining to three other checks which were not introduced into evidence.

In *People* v. *Nelson White* (1970), 26 Mich App 35, this Court when faced with the issue of introducing sentence and sentence time into evidence ruled:

"While we must adhere to the rule that prior convictions are admissible for testing credibility, we see no reason to enlarge the rule to include prior sentences. * * *

"The introduction of the length of defendant's prior sentence was reversible error."   (pp 39, 40)

The prosecutor's question and the inferences that can be drawn therefrom according to the *Nelson White* case, "may have influenced the jury and denied the defendant the constitutional guarantee of a fair and impartial trial".

As a general rule evidence of other distinct offenses is not admissible even though they are of the same kind of offense as the one charged. *People* v. *Schweitzer* (1871), 23 Mich 301; *People* v. *Askar* (1967), 8 Mich App 95; *People* v. *Heiss* (1971) 30 Mich App 126.

The people claimed at trial, and the trial judge sustained their claim, that the defense had opened the door to such questions by asking Detective Kennedy questions on cross-examination about the other three checks.

The defense did ask Detective Kennedy questions concerning the three checks but as stated in *People* v. *Eddington* (1970), 23 Mich App 210, 231:

"A slight opening of the door by the defense should not permit the prosecution to swing it totally ajar."

As the case will be remanded for a new trial it is suggested that both the people and the defendant refrain from questions concerning the three checks not introduced into evidence.

Reversed and remanded for new trial.


FITZGERALD, J., concurred.


J. H. GILLIS, J. (*dissenting*).  Despite the holding in *People* v. *Nelson White* (1970), 26 Mich App 35, that introduction of the length of that defendant's

prior sentence was reversible error, I am not convinced that a miscarriage of justice occurred in the case at bar. See MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096).

Chief Justice Cooley, writing in *Clemens* v. *Conrad* (1869), 19 Mich 170, 174, held that:

"The right to inquire of a witness, on crossexamination, whether he has not been indicted and convicted of a criminal offense, we regard as settled in this State by the case of *Wilbur* v. *Flood* [1867], 16 Mich 40. *It is true that in that case the question was, whether the witness had been confined in State prison; not whether he had been convicted; but confinement in State prison presupposes a conviction by authority of law, and to justify the one inquiry and not the other would only be to uphold a technical rule.*" (Emphasis added.)

Although *Clemens,* and its predecessor, *Wilbur* v. *Flood* (1867), 16 Mich 40, are over 100 years old, I fail to see how juries then and juries today are unable to rationally presume that if a defendant has been shown to have been convicted of a crime that he has been punished accordingly. I perceive no substantial prejudice by the mention of a defendant's prior prison sentence.

My disagreement with *People* v. *White, supra,* goes deeper. In *White,* sanguine reliance was placed on the following passage in *People* v. *Kotek* (1943), 306 Mich 408, 412:

"Defendant alleges that the trial court erred in referring to his previous prison sentence. As the record indicates that such reference was not made in the presence of the jury, it would not constitute reversible error."

In *Kotek,* the defendant did not testify; he was not subject to cross-examination, hence there would be

no basis for any reference to his prior prison sentence or criminal conviction where the credibility of the defendant was not first put in issue. In my opinion, the situation is entirely reversed where a defendant chooses to testify and puts his credibility on the line. See *People* v. *Russell* (1970), 27 Mich App 654; *People* v. *McCrea* (1942), 303 Mich 213; *People* v. *Lloyd* (1967), 5 Mich App 717.

Yet, despite the inapposite use of *Kotek* in *People* v. *White, supra,* and its failure to account for the holdings in *Wilbur* v. *Flood, supra,* and *Clemens* v. *Conrad, supra,* the majority here is content to follow a rule of law which would make it reversible error for the jury to know what they would justifiably presume. I cannot agree.

I also cannot agree that the prosecutor's reference to the three other checks constituted error. The first reference to these items occurred during defense counsel's cross-examination of the arresting officer relative to defendant's statement that he merely indorsed a check given to him by a third person:

"*Q.* Did he tell you whether he met him inside the restaurant or outside?

"*A.* He said the check was written in his car, whoever the individual's car was, is the way he indicated it.

\* \* \*

"*Q.* And I understand that check was for the amount of $66?

"*A.* Yes, sir.

"*Q.* And this is the same check that you asked the defendant about, the one for $66?

"*A.* Yes, sir.

"*Q.* And you did specify to him $66—the $66 check rather than the one for $25?\*

---

\* On a prior occasion defendant received a check in the amount

"*A.* Yes.

"*Q.* But at that time you had no knowledge of the $25 check?

"*A.* I had four checks I had picked up from the bank, one in the amount of $25 so I may have asked him about the $25 check, however I was particularly interested in the one for $66 because that is the one the charge was based on.

"*Q.* Did Mr. Ungurean name a person on any of these other checks you asked him about?

"*A.* Yes, they were all payable to Mr. Florian Ungurean.

"*Q.* All four of these checks you had in your possession were payments to the defendant?

"*A.* Four of them from the Security National Bank—they were all similar to the one of May 21st, however the only one that he was charged with was the amount of $66.

"*Q.* You have that knowledge relative to the other checks, is that correct?

"*A.* I have the other three in my possession, yes."

In my opinion, defense counsel had explored the matter of the three other checks with sufficient purpose to allow the prosecutor to ask defendant if they were also indorsed by him, which he denied, and to explain how his name appeared as payee and again as an indorser on the back of the checks, which he could not. Contrary to the implication in the majority opinion, the matter was not pursued, nor did the prosecutor attempt to introduce the proposed exhibits into evidence over defendant's failure to authenticate the signature. Since defense counsel initially brought out the existence of the checks, I find no error in the prosecutor's attempt to make them relevant.

I vote to affirm.

---

of $25 from the complaining witness as payment for the sale of a used television. Presumably, this is the same item.