PEOPLE v RAPPUHN

Opinion of the Court

1. Criminal Law—Defendant Testifying—Witnesses—Examination—Cross-Examination—Prior Arrests—Higher Charges —Prior Convictions—Impeachment—Objections—New Trial.

No inquiry may be made regarding prior arrests or charges against a witness in the examination or cross-examination of such witness which did not result in conviction; neither may such witness be examined with reference to higher original charges which have not resulted in conviction, whether by plea or trial; therefore, a defendant in a criminal case is entitled to a new trial where the trial court allowed the prosecutor, over timely objection, to impeach defendant's credibility by discussing prior arrests of the defendant on charges for which he was not convicted.

2. Criminal Law—Defendant Testifying—Convictions—Prior Sentences.

The introduction of the length of a defendant's prior sentence on cross-examination of the defendant is reversible error because it is the prior conduct undertaken by the accused, and not the ensuing punishment, which is relevant, and sentences for the same offense often vary from tribunal to tribunal and from judge to judge (MCLA 600.2158).

3. Criminal Law—Evidence—Prior Conviction—Statutes—Construction.

The statute permitting evidence of prior convictions should be strictly construed (MCLA 600.2158).

4. Criminal Law—Defendant Testifying—Credibility—Prior Sentences—Appeal and Error.

Cross-examination of a defendant as to the duration and details of his prior prison sentences to test his credibility is error.

Reference for Points in Headnotes
[1–5] 30 Am Jur 2d, Evidence § 1175.
[6] 58 Am Jur 2d, New Trial § 121.
[7] 46 Am Jur 2d, Judges § 119.

Dissenting Opinion

T. E. Brennan and M. S. Coleman, JJ.

5. Criminal Law—Defendant Testifying—Prior Conviction— Prior Sentences—Parole—Failure to Object.

*Evidence of the length of sentence, the place of confinement or the time of parole are all irrelevant to the credibility of a witness but that issue is not presented where no objection was made to the irrelevant testimony of defendant in those respects on cross-examination by the prosecutor relating to defendant's prior convictions.*

6. Appeal and Error—New Trial—Objection—Evidence.

*An appellate court performs its traditional function in ordering reversal and new trial when a trial judge makes an error in ruling upon an objection to irrelevant evidence.*

7. Judges—Canons of Judicial Ethics—Miscarriage of Justice.

*The Canons of Judicial Ethics require a trial judge to avoid interference in the trial of causes, except in rare instances to prevent miscarriage of justice.*

Appeal from Court of Appeals, Division 2, R. B. Burns, P. J., and Fitzgerald and Van Domelen, JJ., affirming Oakland, Robert L. Templin, J. Submitted March 8, 1973. (No. 14 March Term 1973, Docket No. 53,021.) Decided November 20, 1973.

25 Mich App 62 reversed.

Gary James Rappuhn was convicted of rape and kidnapping. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Frank R. Knox,* Chief Appellate Counsel, for the people.

*Bruce T. Leitman,* for defendant on appeal.

WILLIAMS, J. Of the numerous issues raised in this case, the one we focus on as dispositive is whether the trial court committed reversible error in allowing the prosecutor, over timely objection, to impeach defendant's credibility by discussing prior arrests of the defendant. Also, we consider whether a prosecutor may attempt to impeach a witness's credibility on cross-examination by questions relating to the duration and details of prior prison sentences.

## I—FACTS

Defendant was jury convicted of rape (MCLA 750.520; MSA 28.788) and kidnapping (MCLA 750.349; MSA 28.581). The Court of Appeals affirmed the conviction, 25 Mich App 62; 180 NW2d 900 (1970). We granted leave on July 17, 1972. 387 Mich 809–810.

On direct examination Rappuhn testified that in August, 1966 he had been convicted of attempted felonious assault on a plea of guilty. He also admitted three other arrests which led to convictions.

On cross-examination the following occurred:

*"Q.* You were arrested at that time for kidnapping and felonious assault?

*"Mr. Hooe [defendant's counsel]:* Objection, your Honor, the only thing that the Defendant has admitted he was arrested and convicted of attempted felonious assault. That's all there is to it.

*"The Court:* What is the objection; are you just repeating?

*"Mr. Hooe:* He said something about attempted kidnapping.

*"Mr. Davey [assistant prosecuting attorney]:* I didn't say 'attempted', I said kidnapping.

*"Mr. Hooe:* I object, he was convicted of attempted

felonious assault. I don't think the Prosecutor is able to inquire into the details surrounding the arrest. That is all there was to it, he admitted."

After much discussion the judge overruled the objection:

*"The Court:* Well, the Court is going to allow the Prosecutor to inquire as to other arrests of this Defendant. Your objection is on the record.

"You may return the jury."

And the question about the kidnapping was asked and answered:

*"Q. (By Mr. Davey):* Have you ever been arrested for kidnapping, Mr. Rappuhn?

*"A.* Yes, sir.

*"Q.* And have you ever been arrested for felonious assault?

*"A.* At the same time, yes, sir.

*"Q.* The same time as the kidnapping charge?

*"Mr. Hooe:* Court please, for the record, I'm going to object on the grounds that the Defendant answered the question, he has given the information about the February, 1966, arrest and conviction.

*"The Court:* Overruled.

*"Q. (By Mr. Davey):* You were charged with two counts at that time, correct?

*"Mr. Hooe:* Court please, the same objection.

*"The Court:* Are you objecting on the grounds it is repetitious?

*"Mr. Hooe:* Yes, your Honor, and going into the details.

*"The Court:* He isn't going into the details.

*"Mr. Hooe:* Pardon?

*"The Court:* He hasn't gone into details as yet, Counsel, he's just repeating, bringing out the repetition of the answer which you already elicited. It is overruled.

*"Q. (By Mr. Davey):* For that particular offense you

were charged with two counts, is that correct, kidnapping and felonious assault?

"*Mr. Hooe:* Objection, your Honor.

"*The Court:* Overruled.

"*The Witness:* Yes, sir."

The fact that the defendant had been charged with kidnapping, the very offense with which he was charged in this case, was argued to the jury during the prosecutor's final argument:

"Here is a man convicted of beginning in 1960 of simple larceny, then at a later time in 1960 of unlawfully driving away an automobile, who was arrested for breaking and entering, although not convicted in 1964, was convicted of another crime, larceny from an auto, in 1960 *[sic;* actually 1966] was charged with kidnapping, the very same offense, and felonious assault, although he pled guilty to a lesser offense. The year before this happened, he was charged with a separate—this offense—on a separate occasion."

## II—IMPEACHMENT OF DEFENDANT BY USE OF PRIOR ARRESTS

In the recently decided case of *People v Falkner,* 389 Mich 682, 695; 209 NW2d 193, 199 (1973), Chief Justice T. M. KAVANAGH speaking for this Court ruled:

"[I]n the examination or cross-examination of *any witness,* no inquiry may be made regarding prior arrests or charges against such witness which did not result in conviction; neither may such witness be examined with reference to higher original charges which have not resulted in conviction, whether by plea or trial." (Emphasis added.)

In *Falkner* the credibility of alibi witnesses was impeached by reference to an arrest record. Here it was defendant himself who was impeached by

reference to his arrest record. *Falkner* clearly speaks to the impeachment of any witness by use of an arrest record. Therefore, defendant is entitled to a new trial on the basis of *Falkner.*

## III—IMPEACHMENT BY REFERENCE TO THE LENGTH AND DETAILS OF SENTENCE

As we stated above, defendant is entitled to a new trial under the rule of *Falkner.* However, since a new trial is required this Court will address itself to one of the other issues which might arise again at the new trial. That is, may a prosecutor impeach a witness's credibility on cross-examination by questions relating to the duration and details of prior prison sentences.

*A. Facts*

On direct, defendant did not make any statement as to the length of sentence resulting from his prior convictions to which he did testify. On cross-examination the following exchange took place between the defendant and prosecutor.

"*Q.* And where had you lived three days prior to this particular crime?

"*A.* Brighton, Michigan; Howell, Michigan.

"*Q.* What kind of institution were you living in there?

"*A.* Camp Brighton Prison Camp.

"*Q.* You had just been released from prison three days when this crime occurred, is that correct?

"*A.* Yes sir.

"*Q.* And what offense were you in prison for at the time you were released?

"*A.* Attempted felonious assault.

"*Q.* And what was your sentence, Mr. Rappuhn?

"*A.* One and a half to two years.

"*Q.* And how much time did you serve on the one and a half to two years?

"*A.* Eighteen months.

"*Q.* Now, have you ever been incarcerated in any other penal institution besides the State Prison Camp at Brighton?

"*A.* Yes, sir, I was in Michigan Training Unit, Ionia, Michigan.

"*Q.* What year was that?

"*A.* 1964.

"*Q.* And how long were you there?

"*A.* Approximately ten and a half months.

"*Q.* And for what offense were you there?

"*A.* Larceny from an auto.

"*Q.* And what was your sentence as a result of that conviction?

"*A.* One and a half to five years.

"*Q.* How much time did you serve?

"*A.* Altogether?

"*Q.* Yes.

"*A.* Approximately three years.

"*Q.* And what do you mean 'altogether,' did you serve in a different way; what do you mean by that statement?

"*A.* I went back as a parole violator on attempted felonious assault.

"*Q.* You were on parole when that offense occurred, is that correct?

"*A.* Yes, sir."

### B. Law

Former Justice, now Judge, O'HARA in *People v Nelson White,* 26 Mich App 35; 181 NW2d 803 (1970) considered this exact issue.

In this case, on cross-examination defendant admitted that he had been convicted. The prosecution then asked:

"*Q.* And what was your sentence?

"*Mr. Evans [defendant's counsel]:* I'll object to that as being immaterial, your Honor.

*"The Court:* The sentence?

*"Mr. Evans:* Yes.

\* \* \*

*"The Court:* I overrule your objection. This is cross-examination. He is testing his credibility. He may answer the question." 26 Mich App 35, 38–39; 181 NW2d 803, 805.

The Court of Appeals held that the introduction of the length of defendant's prior sentence was reversible error.

We agree with Judge O'HARA's analysis and reasoning, which he pithily set forth as follows:

"It is the prior conduct undertaken by the accused, and not the ensuing punishment, which is relevant. Moreover, sentences for the same offense often vary from tribunal to tribunal and from judge to judge.

"We choose not to speculate whether, and to what extent, the testimony of a maximum ten-year sentence may have influenced the jury and denied the defendant the constitutional guarantee of a fair and impartial trial. The introduction of the length of defendant's prior sentence was reversible error. We cannot say that it did not inure to the prejudice of the defendant. MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096). The statute permitting evidence of prior convictions should be strictly construed." 26 Mich App 35, 39–40; 181 NW2d 803, 805–806.[1]

The length of sentence, the conditions under which served and so on, as Judge O'HARA observes, are not defendant's conduct but an uncertain sequel. It is defendant's conduct that is relevant and by which his credibility may be tested. We therefore hold that it is error to cross-examine

---

[1] The *White* case was followed in *People v Ungurean,* 35 Mich App 143; 192 NW2d 342 (1971).

defendant as to the duration and details of his prior prison sentences to test his credibility.[2]

We are not unmindful on the one hand of *People v Kotek,* 306 Mich 408, 412; 11 NW2d 7, 9 (1943) where we implied that the use of a previous prison sentence to impeach defendant's credibility would have been reversible error had the reference to the sentence been made in the presence of the jury. We, however, prefer to base our decision on the factual precedent of *White* and Judge O'Hara's reasoning.

We are not unmindful on the other hand of the traditional leading cases of *Wilbur v Flood,* 16 Mich 40; 93 Am Dec 203 (1867) and *Clemens v Conrad,* 19 Mich 170, 174 (1869). These cases, however, deal not with questions of the duration and details of prior prison sentences but with "whether [defendant] was ever confined in the state prison" in the first case or "whether he had been convicted" in the second case. Consequently, *Wilbur* and *Clemens* are distinguishable.

Neither of the two Michigan statutes dealing with credibility touch this exact issue.[3]

---

[2] California, for example, makes the same distinction: "[A] cross-examiner's questions must be limited to the fact of conviction and the nature of the crime; he may not go into the details or circumstances surrounding the crime [citations omitted]; and certainly the cross-examiner cannot delve into the question of the length of time served and conditions or circumstances surrounding the parole of a defendant." *People v Wynn,* 44 Cal App 2d 723, 732; 112 P2d 979, 984 (1941). *See also Powell v State,* 195 Miss 161; 13 So 2d 622 (1943). *Cowan v Commonwealth,* 407 SW2d 695 (Ky App, 1966).

[3] MCLA 600.2158; MSA 27A.2158 "Crime, interest, or relationship of witness, effect" provides:

"No person shall be excluded from giving evidence on any matter, civil or criminal, by reason of crime or for any interest of such person in the matter, suit, or proceeding in question, or in the event of such matter, suit or proceeding, in which such testimony may be offered, or by reason of marital or other relationship to any party thereto; but such interest, relationship, or conviction of crime, may be shown for the purpose of drawing in question the credibility of such witness, except as is hereinafter provided."

Thus, a prosecutor may not impeach a witness on cross-examination by referring to the length and details of a sentence at the new trial which we have granted on the basis of *Falkner.*

The Court of Appeals is reversed and the case remanded for a new trial.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, SWAINSON, and LEVIN, JJ., concurred with WILLIAMS, J.

T. E. BRENNAN, J. *(dissenting).* I agree that evidence of the length of sentence, the place of confinement, or the time of parole are all irrelevant to credibility.

Any former decisions of this Court, which are to the contrary, ought to be overruled in a case properly presenting the issue. The issue is not presented here because no objection was made to the irrelevant testimony. In that respect, this case is to be distinguished from *People v White,* 26 Mich App 35; 181 NW2d 803 (1970), where the objection was clearly made, and the trial court ruled erroneously.

The distinction between this case and *White* is not casual. It lies at the heart of the functions of both trial judges and appellate courts.

When a trial judge makes an error in a ruling upon an objection to irrelevant evidence, the appellate court performs its traditional function in ordering reversal and new trial.

MCLA 600.2159; MSA 27A.2159 "Parties as witnesses; depositions, comment on failure of criminal defendant to testify" provides in part:

"No person shall be disqualified as a witness in any civil or criminal case or proceeding by reason of his interest in the event of the same as a party or otherwise or by reason of his having been convicted of any crime; but such interest or conviction may be shown for the purpose of affecting his credibility."

But what error does the trial court commit when irrelevant evidence is received without objection? What should a trial judge have done?

Should he object?

Should he order the testimony stricken and instruct the jury that it is irrelevant?

Should he reprimand counsel for asking the question or opposing counsel for failing to object?

Should he excuse the jury and make a separate record establishing that the failure to object was strategic and deliberate?

Should he declare a mistrial *sua sponte?* (And, if so, does jeopardy attach?)

The Canons of Judicial Ethics require a trial judge to avoid interference in the trial of causes, except in rare instances to prevent miscarriage of justice.

The expanding notion in this Court that a trial judge in a criminal case has some overriding duty to step into the breach whenever he feels that defense counsel needs help is a dangerous departure from our established jurisprudence.

It is difficult to suppose that the concept can be limited to the protection of the defendant. Certainly, the people are also entitled to a fair trial. If a previously convicted prosecution witness were cross-examined by defense counsel concerning the details of his incarceration, without objection from the prosecutor, would not the trial judge be obligated to intrude?

Having thus undertaken the burden, sans objection, to keep all irrelevant matter from the jury, from whatever source, the role of the trial judge in a criminal case is completely transformed. He is no longer the impartial referee in an adversary proceeding. He becomes the censor who must, upon pain of reversal, pass judgment upon the

admissibility of every question asked by either lawyer. The judge becomes the central figure in the trial. He is, in effect, the inquisitor. Being obligated to interfere with counsel's questioning without invitation or objection, his silence denotes approval of the relevance and admissibility of every question asked.

Being required to assume responsibility for every question posed, trial judges will reasonably expect an opportunity to consider the propriety of each question before it is heard by the jury.

When the trial judge has thus assumed the role of inquisitor, he will bear the responsibility for successful as well as errorless prosecution. And, in that day, who will stand between the prisoner at the bar and his interrogator?

M. S. COLEMAN, J., concurred with T. E. BRENNAN, J.