PEOPLE v RAPPUHN

1. WITNESSES—EXAMINATION—CROSS-EXAMINATION—PRIOR ARRESTS—
   HIGHER CHARGES—PRIOR CONVICTIONS.

   No inquiry may be made regarding prior arrests or charges
   against a witness in the examination or cross-examination of
   such witness which did not result in conviction; neither may
   such witness be examined with reference to higher original
   charges which have not resulted in conviction, whether by plea
   or trial.

2. WITNESSES—CRIMINAL LAW—CREDIBILITY—IMPEACHMENT—MISDE-
   MEANOR CONVICTIONS.

   The credibility of a defendant in a criminal case may not be
   impeached by reference to prior misdemeanor convictions.

3. WITNESSES—CRIMINAL LAW—CREDIBILITY—CONVICTIONS—PROSECU-
   TOR'S INQUIRY—PRIOR CONVICTIONS—CROSS-EXAMINATION—
   STATUTES.

   The only conclusion that comports with the plain language of a
   statute providing that "such * * * conviction may be shown for
   the purpose of affecting his credibility" is that a prosecutor's
   inquiry into the factual basis behind a defendant's prior crimi-
   nal convictions constitutes reversible error; it is the *conviction*
   itself that may be shown on cross-examination to bear on the
   defendant's credibility (MCLA 600.2159; MSA 27A.2159).

4. WITNESSES—CRIMINAL LAW—PROSECUTOR'S QUESTION—PREJUDICE—
   ATTEMPTED ASSAULT—PRIOR ARRESTS—EXAMINATION—CROSS-
   EXAMINATION.

   A prosecutor's question whether a defendant who had admitted
   being convicted of attempted felonious assault was previously
   convicted of attempting to assault a woman with a dangerous
   weapon violates the rule that no inquiry may be made in the
   examination or cross-examination of a witness regarding prior
   arrests or charges which did not result in conviction; there is

REFERENCES FOR POINTS IN HEADNOTES
[1, 3-5] 21 Am Jur 2d, Criminal Law § 585.
[2-5] 81 Am Jur 2d, Witnesses § 659.
[6] 21 Am Jur 2d, Criminal Law § 337.

no such crime as attempting to assault a woman with a dangerous weapon.

5. WITNESSES—CRIMINAL LAW—CROSS-EXAMINATION—CREDIBILITY—
PREJUDICE—DISCRETION.

   A prosecutor may not be allowed to prejudice the jury by cross-examining a defendant concerning prior convictions under the guise of testing his credibility.

6. CRIMINAL LAW—PREJUDICE—MISCARRIAGE OF JUSTICE—OBJECTION
—CROSS-EXAMINATION—PSYCHIATRIC HELP—STATUTES.

   There was a miscarriage of justice where the prosecutor, in a trial for kidnapping and rape, over defendant's objection cross-examined the defendant regarding a statement that if he had gotten psychiatric help after a previous assault of a woman the present crimes might not have happened (MCLA 769.26; MSA 28.1096).

Appeal from Oakland, Robert L. Templin, J. Submitted November 13, 1975, at Lansing. (Docket No. 21324.) Decided December 3, 1975.

Gary J. Rappuhn was convicted of rape and kidnapping. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Carlton R. Roeser,* Assistant Appellate Counsel, for the people.

*Parvin Lee, Jr.,* for defendant.

Before: QUINN, P. J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

R. B. BURNS, J. We have the unpleasant task of reversing, for the second time, a jury verdict convicting defendant Rappuhn of rape, MCLA 750.520; MSA 28.788, and kidnapping, MCLA

750.349; MSA 28.581. Defendant was first con-
victed in 1968. That result was affirmed by this
Court, 25 Mich App 62; 180 NW2d 900 (1970), but
was reversed by the Supreme Court in *People v
Rappuhn,* 390 Mich 266; 212 NW2d 205 (1973),
because of the prosecutor's improper impeachment
tactics. The retrial and conviction leading to this
appeal occurred in April, 1974. The prosecutor's
impeachment tactics in this second trial are, if
anything, even more objectionable.

Defendant took the stand on his own behalf.
Near the end of the prosecutor's extensive cross-
examination of defendant, the following exchange
appears:

"*Q.* You have been convicted of a few crimes; have
you not?

"*A.* Yes.

"*Q.* Why don't you tell the jury what they are?

"*Mr. Lee:* I object. It is not relevant, not material,
he's testified he has been convicted of crimes. I think
that is sufficient to attack his credibility for that basis.
What crimes is irrelevant and immaterial and would
only be prejudicial.

"*The Court:* Overruled, you may have an answer.

"*The Witness:* Would you repeat the question?

"*Q. (by Mr. Morrow [assistant prosecuting attorney]):*
Yes. What crimes have you been convicted of?

"*A.* Car theft.

"*Q.* When?

"*A.* 1960. Simple larceny.

"*Q.* When?

"*A.* Latter part of '60 or '61. Larceny from an auto-
mobile in '63. Attempt felonious assault in '66.

"*Q.* What was the last one?

"*A.* Attempt felonious assault.

"*Q.* That it?

"*A.* Yes, to my recollection.

"*Q.* On the night in question you, of course, concluded

for the jury in grand fashion that you didn't assault or rape or kidnap Connie Wickman?

"*A.* No, I didn't.

"*Q.* But you were convicted a year earlier of attempting to assault a woman with a dangerous weapon?

"*Mr. Lee:* Objection, your Honor, improper.

"*The Court:* Overruled.

"*The Witness:* No, I wasn't.

"*Q. (by Mr. Morrow):* Attempted felonious assault; isn't that what you call it?

"*A.* I believe you said with a dangerous weapon.

"*Q.* Yes, that's what I said.

"*A.* That's not true.

"*Q.* Felonious assault, felonious assault.

"*A.* I said 'attempt felonious assault.' "

In *People v Falkner,* 389 Mich 682, 695; 209 NW2d 193, 199 (1973), the Michigan Supreme Court held as follows:

"We hold that in the examination or cross-examination of any witness, no inquiry may be made regarding prior arrests or charges against such witness which did not result in conviction; neither may such witness be examined with reference to higher original charges which have not resulted in conviction, whether by plea or trial."

In *People v Renno,* 392 Mich 45; 219 NW2d 422 (1974), the Supreme Court held that the credibility of a defendant in a criminal case may not be impeached by reference to prior misdemeanor convictions. *Renno* involved a situation where the prosecutor demanded the factual details underlying a past conviction. The Court concluded:

"We feel that the prosecutor's *inquiry into the factual basis* behind defendant's guilty plea falls within the *Falkner* holding. He is doing no more than asking defendant what the original charges were which did not

result in conviction. Such questioning was improper under our *Falkner, supra,* holding." *Renno, supra,* 59. (Emphasis added.)

This language makes it clear that the Supreme Court intends *Falkner* to stand for the general proposition that a prosecutor's inquiry into the factual basis behind a defendant's prior criminal convictions constitutes reversible error. This is the only conclusion that comports with the plain language of MCLA 600.2159; MSA 27A.2159 that "such * * * conviction may be shown for the purpose of affecting his credibility". It is the *conviction* itself that may be shown on cross-examination to bear on the defendant's credibility. There is a simple reason why allusion to the factual details behind prior convictions is necessarily inconsistant with *Falkner.* That is: How can a court or jury know whether or not, in cross-examining as to the factual basis underlying prior convictions, the prosecutor is obliquely alluding to "higher original charges" or prior arrests "which did not result in conviction"? The jury cannot know the antecedents of prior prosecutions. The inference, however, is usually unmistakable. Such an inference is contained in the following question: "But you were convicted a year earlier of attempting to assault a woman with a dangerous weapon"? This and the subsequent questions of the prosecutor as quoted above are violative of *Falkner.*

The prejudicial nature of such questioning is clearly demonstrated by the present case. The prosecutor followed up his disparaging comment about the defendant's denial of guilt with the immediate accusative question concerning the alleged conviction for assaulting a woman with a dangerous weapon. There is, of course, no such crime as "attempting to assault a woman with a

dangerous weapon". The defendant had already admitted to this conviction for attempted felonious assault. His credibility had been properly impeached. The prosecutor's emphasis on the fact that the prior conviction involved an assault on a woman seems obviously designed to influence the jury to find that defendant must be guilty of the currently charged rape. In *People v Eddington,* 387 Mich 551, 567; 198 NW2d 297, 303 (1972), the Supreme Court stated:

"A trial judge should exercise his discretion in such a way that a defendant is not cross-examined, under the guise of testing credibility, merely to prejudice the jury."

The trial judge should have sustained defendant's objection to this prejudicial exchange.

We find further prejudicial error in the prosecutor's attempts to admit into evidence a statement allegedly made by defendant to arresting officer Fredericks while being transported to jail. At defendant's first trial the officer was allowed to testify as to this statement as follows:

" 'A. Well, he was quiet for awhile, then Gary asked if I thought he needed psychiatric help, I said, "I don't know, I would have to confer with the prosecutor." ' " *People v Rappuhn,* 25 Mich App 62, 67; 180 NW2d 900 (1970).

In the present action, the prosecutor's questioning of Officer Fredericks on a separate record elicited the statement in a significantly different form:

"A. Yes, after awhile we drove three or four more miles down the road and he asked, 'Do you think I could get psychiatric treatment *this time?'* " (Emphasis added.)

Prior to introduction of this evidence, defense counsel objected to the formulation "this time" because (in defendant's brief) "there existed a danger of misleading the jury into thinking the defendant had been convicted of a previous rape and kidnap offense, which he had not". A colloquy between the court and counsel led the trial judge to conclude that "I think we'd have to keep that out * * * it is something the jury could infer that he'd been in trouble before". The court held:

"Well, I think I would rule it out, anything about 'this time' I would rule out because I think certainly you lay yourself wide open to have it sent back. You have it in there that he asked the question about getting psychiatric help, period, but not 'this time' ".

In questioning Detective Fredericks, the prosecutor complied with this order. The defendant subsequently took the stand on his own behalf. As indicated by above-quoted testimony, upon cross-examination the defendant admitted to some prior convictions. The prosecutor then asked the following question:

"*Q. (by Mr. Morrow):* Isn't it true, Mr. Rappuhn, that after Detective Fredericks indicated to you that he wasn't sure whether you could get psychiatric help that you'd have to check with the Prosecutor or your wife would have to check with the Prosecutor's Office you said, 'If I had gotten psychiatric help last time, this might not have happened this time.' "

Defense counsel immediately objected and the jury was excused. The prosecutor argued before the court that:

"[A]s I understand the ruling previously, the only reason for keeping the information out was because the

Defendant hadn't taken the stand and his convictions hadn't been brought in and if he had chosen not to take the stand it would have been prejudicial."

Defense counsel insisted that the court had properly excluded "this time" as prejudicial in itself. The court then ruled:

"*The Court:* The Court did rule last on the particular matter and asked the Prosecutor to refrain from using the two words 'this time,' and once the Defendant took the stand and admitted his convictions, certainly I hope the matter of prejudicial error is lessened considerably, but there is a possibility the phrase 'this time' might indicate some other time. If it is in I would rule against you allowing in the testimony that the witness said that he had asked for psychiatric help but leave out the words 'this time' just to outlaw any possibility of it. Am I clear?"

The jury was returned. The prosecutor then "complied" with the judge's reiterated ruling by asking defendant the following question:

"*Q.* Okay, isn't it true that after Detective Fredericks gave you the answer about you would have to check with the Prosecutor's Office as regards psychiatric help that you then said, 'If I had gotten psychiatric help *last time* this might not have happened'?" (Emphasis added.)

Defense counsel again objected, and the judge, possibly exhausted by such clever circumventions of his holdings, overruled the objection.

We can find no other reason for this repeated prosecutorial fencing than to prejudice the defendant. Why else the dogged insistence upon "this (or last) time"? Defendant had already admitted his conviction. One would think that the defendant's request for psychiatric help would be a damaging

enough admission of guilt of the charged offense. The indirect reference to past criminal acts could have been deleted without destroying the sense of the statement, as demonstrated during the direct testimony of Detective Fredericks.

The prosecutor now cautions us in his brief against reversing the conviction because "[t]he evidence against the Appellant was overwhelming." This is unfortunate. We are not disposed to reward a demonstrated talent for repeatedly asking improper questions by an application of the harmless error doctrine. We hold that the defendant was sufficiently prejudiced to have his conviction reversed pursuant to MCLA 769.26; MSA 28.1096.

We call attention to the language of Judge, now Justice, LEVIN in *People v Farrar,* 36 Mich App 294, 299–300; 193 NW2d 363, 366 (1971):

"Our frequent strictures against this kind of argument mean little unless we are prepared to reverse and require a new trial. A prosecutor who crosses a clearly defined line, and a trial judge who makes no effort to stop him, have only themselves, not the appellate courts, to blame if a judgment of conviction is reversed and the case must be retried because of improper argument." (Citation omitted.)

Reversed and remanded for a new trial.