PEOPLE v CLEMENTS

PEOPLE v TONY DUPREE

PEOPLE v MARLOWE DUPREE

PEOPLE v JOHNSTON

Docket Nos. 77-2312, 77-2313, 77-3164, 77-3175. Submitted November 7, 1978, at Detroit.—Decided July 9, 1979. Leave to appeal denied, 407 Mich —.

James L. Clements, Tony Dupree, Marlowe Dupree and Janice Johnston were convicted of armed robbery, Recorder's Court of Detroit, Michael J. Connor, J. Each defendant appeals. The appeals of the four defendants were consolidated for appellate review. The issue considered on appeal is whether the trial court erred in permitting cross-examination of defendant James L. Clements as to a prison sentence for a previous crime. *Held:*

The cross-examination of defendant Clements regarding the prison sentence which had already been partially served was relevant to test that defendant's credibility. The cross-examination was to test defendant Clements' credibility regarding a "confession" whereby he admitted committing the lesser offense of larceny from a person and attempted to exonerate the other three defendants. The fact that defendant Clements still had time to serve on the earlier sentence was relevant and probative evidence relating to his possible motivation, interest, bias or prejudice in testifying as he did.

Affirmed.

1. WITNESSES — EVIDENCE — CROSS-EXAMINATION — STATEMENT AGAINST PENAL INTEREST — CREDIBILITY.

Cross-examination of a witness to test the reliability of a statement by the witness made against his penal interest is permitted.

2. CRIMINAL LAW — EVIDENCE — PRIOR SENTENCES — RELEVANCE.

Testimony as to a defendant's prior sentences generally is not relevant to the issue of the defendant's credibility.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 617, 620.

[2] 81 Am Jur 2d, Witnesses § 580.

3. CRIMINAL LAW — EVIDENCE — RELEVANCE — PRIOR SENTENCES —
   CREDIBILITY — CONFESSIONS — MOTIVATION — PREJUDICE.

   A trial judge properly determined that evidence of a defendant's
   prior sentence was relevant to the issue of the defendant's
   credibility where, since the defendant still had time to serve on
   the sentence, a motivation was provided for the defendant to be
   willing to "take the rap" for a crime by confessing to a lesser
   included offense to the charged crime and thereby exonerating
   his codefendants, and where the trial judge determined that
   the probative value of such evidence outweighed any possible
   prejudice to the defendant.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Maura D. Corrigan, Brian Marzec, Anne B. Wetherholt* and *H. Gail McKnight,* Assistant Prosecuting Attorneys, for the people.

*Gillis, Nelson, Louisell & Berg,* for defendants James Clements, Marlow Dupree and Janice Johnston.

*Robert E. Slameka,* for defendant Tony Dupree.

Before: ALLEN, P.J., and R. M. MAHER and J. E. TOWNSEND,* JJ.

J. E. TOWNSEND, J. Defendants, James Clements, Tony Dupree, Marlowe Dupree and Janice Johnston, were found guilty by a jury on April 26, 1977, of armed robbery, MCL 750.529; MSA 28.797. They were sentenced to prison terms on May 5, 1977. Clements received a term of 35 to 60 years; T. Dupree, 7-1/2 to 20 years; M. Dupree, 6 to 20 years; and Johnston, 6 to 25 years. Defendants appeal by right.

The appeals of all the defendants have been

---

* Circuit judge, sitting on the Court of Appeals by assignment.

consolidated here for review. Of the various issues argued, only one is of any merit.

Defendants claim that the trial court erred in permitting cross examination as to defendant Clements' prison sentence for a previous crime, which sentence had been partially served at the time of trial.

Defendants cite *People v Rappuhn,* 390 Mich 266, 272-273; 212 NW2d 205 (1973), and *People v Nelson White,* 26 Mich App 35, 39-40; 181 NW2d 803 (1970), in support of their claim of error.

In the *Rappuhn* decision, Justice WILLIAMS, speaking for the Michigan Supreme Court stated the Court's agreement with Judge O'HARA's analysis and reasoning and included the following quotation from the *Nelson White* decision:

"It is the prior conduct undertaken by the accused, and not the ensuing punishment, which is relevant." *Nelson White, supra,* 39.

Justice WILLIAMS went on to say:

"The length of sentence, the conditions under which served and so on, as Judge O'HARA observes, are not defendant's conduct but an uncertain sequel. It is defendant's conduct that is relevant and by which his credibility may be tested." *Rappuhn, supra,* 273.

Both courts decided that the sentence imposed in those cases had no relevance to the issue of credibility.

In this case, defendant Clements testified, admitting that he took a wallet from the pocket of complainant Cross, but denied having a gun and also exonerated his co-defendants from the charges. Complainant Cross identified Clements as the person who pointed the gun at him.

Defendant Clements' testimony was in the nature of an admission against penal interest. Such admissions are often accorded reliance on the basis that one does not voluntarily admit a crime and face punishment for it, unless the admission is true.

Cross examination to test the reliability of such admission is proper. MCL 600.2159; MSA 27A.2159 would permit proof as to "interest or conviction" for the purpose of affecting credibility.

The fact that defendant at time of trial, on April 26, 1977, was in the process of serving a 5 to 15 year prison sentence imposed in 1974, and had time yet to serve in prison is relevant and probative evidence relating to defendant's possible motivation, interest, bias or prejudice in testifying as he did.

Defendant admitted that he committed the lesser crime of larceny from a person, denied that he had a gun, and absolved his co-defendants from involvement in a crime.

The trial judge, in ruling on the admissiblity of evidence concerning defendant's sentence, determined that the sentence status of defendant gave him a "motive for not being truthful". Judge Connor compared the unserved prison sentence inquiry to exposing any deals or promises made by the prosecution with an accomplice as an aid to testing the credibility of an accomplice witness.

Immediately after cross examination as to defendant's sentence, the trial judge gave a limiting, cautionary instruction as to such evidence, stating as follows:

"Likewise, you have heard some testimony relating to a sentence the defendant is presently serving. That has been allowed only so that you may take it into consideration when weighing how much weight and credibility

again you will attach to his testimony, whether or not there is a bias or hindrance or motive that actuate the witness in testifying in the manner in which he has, just as you may consider anything which has a tendence [sic] to your minds to fairly prove or disprove testimony of the witnesses."

In his closing argument, the prosecuting attorney argued that defendant Clements had little to lose by admitting a larceny and by "taking the rap" for his friends.

He argued the motive and bias of defendant Clements as follows:

"Furthermore, he is trying to help his friends. The reason I asked him about his jail term is to indicate why he would be the one who would be willing to take the rap. That's the only relevance of the fact that he might be serving time in prison right now. He's already on the hook. He's already in jail, so he's the one willing to take the rap, minimally as it is. So he is willing to admit at least to a larceny from the person, but he is willing to help his friends. 'They had nothing to do with it. I decided it on the spur of the moment. I was walking down the street, trying to see some sex action, perhaps, and then I saw Janice Johnston leaving and I decided to get the wallet.' "

The cross examination in this case relating to defendant's unserved sentence is not admissible as a "conviction". Rather, it should be tested by the standards of MRE 401, 402 and 403.

By such standards we must ask whether it is relevant as to the issue of the truth of falsity of defendant's admission of a crime, and if it is relevant, whether its probative value is outweighed by the danger of "unfair prejudice" to defendant.

We read the *Rappuhn* and *Nelson White* deci-

sions as concluding that testimony as to prior sentences *generally* is not relevant on the issue of credibility.

The trial judge clearly weighed possible prejudice against probative value in permitting the inquiry in this case. He determined in effect that the probative value outweighed any possible prejudice, and in his discretion admitted such evidence. We believe such procedure was correct under MRE 401, 402 and 403 and *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), and *Gordon v United States,* 127 US App DC 343, 348; 383 F2d 936 (1967). The sentence time yet to be served has just as direct an impact on witness motivation and credibility as does a promise of leniency to an accomplice.

We agree that in this case defendant's present and future sentence status was relevant in deciding the truth or falsity of his admission of a crime. In our adversary system, which relies so much on pointed cross examination to arrive at the truth, we should not prevent reasonable efforts to prove all facts which assist a jury in deciding what is true and what is false. The remaining issues argued by defendants are without merit.

Affirmed.