No appearance for appellant.

No appearance for the People.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MATTHEW L. MONTGOMERY, Defendant-Appellant.

(No. 58764;

First District (4th Division)—July 10, 1974.

James J. Doherty, Public Defender, of Chicago (Thomas Lipscomb, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Jerald A. Kessler, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Matthew Montgomery, was charged in three separate complaints with unlawful use of weapons (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a)(4)), unlawful possession of a firearm or ammunition (Ill. Rev. Stat. 1971, ch. 38, par. 83—2), and failure to carry a City of Chicago Firearm Owner's Registration Certificate (Chicago Municipal Code 1973, ch. 11.1, sec. 8). He was found guilty of all three charges on October 20, 1972, after a bench trial, and was sentenced to 1 year probation with the first 60 days to be served in the House of Correction.

The defendant urges this court that (1) his conviction on the city charge of failure to carry a registration certificate is void because an assistant State's Attorney does not have the authority to prosecute for violations of a municipal ordinance, and (2) he was not proven guilty of knowingly possessing a concealed weapon beyond a reasonable doubt.

The record reveals that on August 26, 1972, Officer James Antonacci of the Chicago Police Department observed a disturbance on a Chicago Transit Authority bus. As he approached, several passengers were running off the bus and screaming. "There's a man with a gun on the bus." When the officer got on the bus one of the passengers pointed out the defendant. He saw the defendant put his hands in his pockets. As the officer approached him to question him he noticed a large bulge in his rear pocket which appeared to be a gun. He questioned the defendant and retrieved a loaded .32-caliber revolver from his rear pocket. The defendant did not have either a State Firearm Owner's Identification Card or a City Firearm Owner's Registration Certificate. The defendant told him that another person on the bus had put the gun in his pocket.

The defendant testified that he was on the bus with his wife and his friend, Oscar Coleman. He said that another passenger would not pay his fare and that he and the bus driver got into an argument over the fare and that the passenger put a pistol in the driver's face. The passenger then came back and sat in the back of the bus. As the defendant was going off the bus that same passenger who had the pistol was behind him, and he "stooped over and went on around everybody else," apparently placing the gun in the defendant's pocket. The defendant's friend,

Oscar, showed him that he had the pistol in his back pocket as the police officers began to question him. Oscar Coleman and the defendant's wife substantially corroborated the testimony given by the defendant. In answer to the court's inquiry Officer Antonacci testified in rebuttal that both the bus driver and another passenger pointed to the defendant as the man with a gun.

■■ The defendant contends that the assistant State's Attorney had no authority to prosecute the municipal offense of failure to carry a gun-registration certificate. The proper party to prosecute such offenses is the corporation counsel. We first note that the defendant made no objection to the prosecution of the city charge by an assistant State's Attorney. It is a well settled rule of law that matters which are not presented in the trial court generally cannot be raised for the first time on appeal. (*City of Blue Island v. DeVilbiss*, 41 Ill.2d 135, 242 N.E.2d 761.) Moreover, the State's Attorney's jurisdiction is county-wide, and includes municipalities contained therein. (Ill. Rev. Stat. 1971, ch. 14, par. 5.) In the absence of a city attorney, the State's Attorney was properly permitted to prosecute the city offense with the State offenses, at least where they both occurred at the same point in time.

The defendant also contends that he was not proven guilty beyond a reasonable doubt of the charges against him. In regard to the offense of unlawful use of weapons, it is urged that the evidence is not sufficient to establish that he "knowingly" carried a concealed weapon on or about his person. (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a)(4).) He argues that the act of possession itself does not necessarily prove a defendant guilty and that, "[w]here acts or circumstances are attributable to either an innocent or a criminal cause, the innocent hypothesis will be adopted." (*People v. Lynn*, 385 Ill. 165, 173, 52 N.E.2d 166, 170.) For the same reasons he claims that ownership of the weapon involved was not sufficiently established, thereby also necessitating a reversal of his conviction for unlawful possession of a firearm or ammunition and failure to carry a Firearm Owner's Registration Certificate.

■■ It is undisputed that the defendant was found to possess a loaded revolver concealed in his back pocket. The defense offered was that someone in the bus put it in his back pocket just before the police arrived. We note that this was a bench trial. It has often been stated that "[w]hen a jury is waived, it is the function of the trial court to determine the credibility of witnesses and, upon review, we will not disturb its findings in such respect unless it is plainly apparent that an injustice has been done or that a reasonable doubt of guilt exists." (*People v. Hyman*, 24 Ill.2d 205, 208, 181 N.E.2d 65, 66.) Neither circumstance is apparent in this record.

■■ We lastly consider a motion filed by the defendant on April 24, 1974, seeking modification of that part of his probation requiring him to serve the first 60 days in the House of Correction. The motion is based on section 5—6—3(d) of the Unified Code of Corrections which read, prior to amendment:

> "The court shall not require as a condition of the sentence of probation * * * that the offender be committed to a period of imprisonment * * *." (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—6—3(d).)

The Unified Code became effective on January 1, 1973, and it applies to the instant appeal. (*People v. Chupich,* 53 Ill.2d 572, 295 N.E.2d 1; *People v. Harvey,* 53 Ill.2d 585, 294 N.E.2d 269.) Although section 5—6—3(d) has been amended (see Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—3(d)), the State concedes that the original version of the provision should apply to the defendant and that his motion to modify the sentence should be allowed. (See *People ex rel. Weaver v. Longo,* 57 Ill.2d 67, 309 N.E.2d 581.) That part of the probation requiring the defendant to serve 60 days in the House of Correction as a condition of his probation is therefore vacated.

The judgment of the Circuit Court is affirmed and the sentence modified.

ADESKO, P. J., and JOHNSON, J., concur.